(*) INHABITANTS OF WEST BATH, *petitioners for certiorari.*

Applications for writs of *certiorari* are to the discretion of the Court.

Such an application, when made for the purpose of quashing the proceedings of the County Commissioners in the establishment of a way, will be rejected, if the Commissioners had jurisdiction, and if substantial justice was done by their action; although their record may not, in all particulars, show an exact compliance with the statute requirements.

That there was, *in fact*, such a compliance may be proved *aliunde* the records.

Such evidence, however, cannot be heard by the Supreme Judicial Court for the District. It must be presented at the Supreme Judicial Court for the county.

PETITION FOR CERTIORARI.

Certain persons describing themselves of West Bath, in Sept. 1852, presented their petition to the County Commissioners, setting forth that the selectmen of that town had laid out an alteration of a town way and reported the same to the inhabitants of the town at a meeting called to act upon its acceptance, and that the town unreasonably refused and delayed to allow and approve said alteration, and to put the same on record; by which said petitioners alleged themselves to be aggrieved, and therefore prayed that the alteration might be accepted and approved by the County Commissioners.

Upon that petition, the County Commissioners adjudged that the town had unreasonably refused and delayed to allow

and approve the way, as altered by the selectmen. Whereupon the County Commissioners approved the way, as so altered, and ordered that the town clerk be notified to make a record accordingly.

It is for the purpose of causing the County Commissioners' adjudication to be quashed, that these petitioners at the term of this Court held on the 24th of Jan. 1853, prayed for a writ of *certiorari*, that the record of the Commissioners may be brought up for examination.

And the petition pointed out the following causes for quashing the said record : —

1. The County Commissioners had no jurisdiction in relation to the road.

2. In the petition, on which the Commissioners acted, it was not stated, that the town, within one year next before the filing of said petition, unreasonably refused or delayed to' allow and approve said way.

3. The said way does not pass over, or from, or by the land or lands under the possession or improvement of either of the petitioners.

4. In said petition, it is not stated that said road leads from or by land under the possession and improvement of either of the petitioners.

5. The Commissioners did not adjudge that the town, *within one year from said hearing*, ureasonably refused and delayed to approve the way ; or that the petitioners were aggrieved by any such refusal or delay ; or that the petitioners or either of them possessed or improved any land from, by or through which said road led to any highway or town way.

6. The alteration and location of the town road was not of common convenience or necessity.

7. The Commissioners did not alter the said town road as had been prayed for.

*Porter & Smith*, in support of the Commissioners' proceedings, offered evidence to show that the refusal of the town to

approve the road was within one year next before the application to the Commissioners ; and also to prove that the petitioners possessed and improved lands, from which the proposed town way led to other public ways.

They however suggested that such evidence might not be receivable here, but was to have been offered rather at the term held in the County of Lincoln.

*Tallman*, in support of the petition for the writ of *certiorari*.

RICE, J.—It is contended by the petitioners that the County Commissioners have assumed to act upon a matter not within their jurisdiction, and that their action is consequently void.

Section 34, c. 25, R. S., provides, "if any town shall unreasonably refuse or delay to approve and allow any town way, or private way, laid out or altered by the selectmen thereof, and to put the same on record, any person aggrieved by such refusal or delay, if such way lead from land under his possession or improvement, to any highway, or town way, may, within one year thereafter, apply by petition in writing to the commissioners."

It is alleged, that it is not stated in the petition to the County Commissioners, that the town unreasonably refused and delayed to allow and approve of said town way within one year from the filing of the petition on the meeting of the Commissioners. Also that it is not stated in the petition to the Commissioners that said road leads from or by land under the possession or improvement of either of the petitioners.

Petitions for writs of *certiorari* being addressed to the discretion of the Court, it has been the uniform practice to refuse to grant such writs when sufficient appears to show that the Commissioners had jurisdiction of the subject matter upon which they had acted, and that substantial justice had been done, though their records may not show that their proceedings had been, in all respects, technically correct.

In this case it does not appear from the petition to the

Commissioners, nor in the record of their proceedings, that the way in question leads from land under the possession or improvement of either of the petitioners to any highway or town way, nor that said application was made to the Commissioners within one year from the time of the alleged unreasonable refusal and delay of the town to approve and allow said way.

To give the County Commissioners jurisdiction, the petition must come from a person aggrieved in the manner described in the statute, and also be presented within the time therein specified.   But though these facts do not appear from the original petition, nor from the records of the Commissioners, evidence was offered, tending to establish them ; and it was affirmed by counsel, in presence of the Court, and not controverted by the opposing counsel, that these facts were fully established by proof before the Commissioners.   Such evidence, before the proper tribunal, is admissible in this class of cases.

The Act of 1852, concerning the Supreme Judicial Court and its jurisdiction, c. 246, was intended to effect an entire separation between courts held for the final determination of questions of law, and those in which evidence is to be introduced for determining facts.

Under this Act all original entries must be made in the Courts held in the several counties, in which all questions of fact must be heard and settled, or the evidence there produced, reported, as is provided in the eighth and twenty-first sections, for the determination of the questions of law arising thereon, by the Supreme Judicial Court, sitting as a court of law and equity.

There being in this case questions of fact undetermined, which may materially influence the judgment of the full court in the exercise of its discretion, it is dismissed from the docket of the Supreme Judicial Court for the district, and will stand on the docket of the Supreme Judicial Court to be held in the County of Lincoln, where the parties may have an opportunity to present such proofs as they may deem expedient,

and if any questions of law shall arise thereon, it may then be entered in the Court of law for the district, for the determination of such legal questions as shall be thus presented.

SHEPLEY, C. J., and WELLS, HOWARD and HATHAWAY, J. J., concurred.