Taylor v. Bissell.

NEWELL & TOMPKINS, Counsel for Appellant.

AMES & VAN ETTEN, Counsel for Respondent.

———————

ALLEN TAYLOR, Respondent, vs. E. A. BISSELL, Appellant.

Evidence tending to prove facts not in issue in the pleadings is inadmissible.

New matter, or a counter claim, set up in an answer, will be taken as true unless controverted by a Reply ; and if not denied or controverted, it is unnecessary to introduce evidence in support of such new matter or counter claim.

Pleadings in an action before a Justice of the Peace must be verified : and it seems that a Justice has no jurisdiction of a case wherein the pleadings are not verified, except by his own consent and by waiver of the parties; and a cause may be dis-· missed by a Magistrate upon his own motion, if the pleadings are not verified.

15

Taylor *v.* Bissell.

The District Court, in reviewing the proceedings of a Justice of the Peace, for alleged errors, upon Certiorari, is confined to the facts found in the Return of the Magistrate, without reference to the affidavit upon which the Writ was obtained.

This cause was originally commenced before N. Gibbs, Esq. a Justice of the Peace for Ramsey County.

The Plaintiff filed as a Complaint an account amounting to Twenty-Four Dollars, which was not verified. The Defendant answered, denying the indebtedness and setting up a counter claim amounting to Seventy-Four Dollars and Forty Cents, which Answer the Defendant in his verification thereto alleged that he believed it to be true. The Plaintiff filed no reply, and the Justice gave judgment against the Plaintiff for $51 40, and costs.

The cause was afterwards removed by Certiorari, to the District Court for the County of Ramsey.

Upon argument in that Court, the judgment of the Justice was reversed and the cause dismissed, without prejudice to the Plaintiff's right to bring a new action.

From which order the Defendant appealed to the Supreme Court of the Territory.

Appellant's points and authorities:

All grounds of error relied upon by a party suing out a writ of Certiorari should appear affirmatively in the affidavit; and if the case presented to the Court upon the affidavit, and the Return of the Writ, shows no error, the judgment of the Court below should be affirmed. See *Rev. Statutes, p.* 314, *Sec.* 111.

Where new matter is set up in answer, and the Plaintiff fails to reply, he thereby admits such new matter, and cannot introduce evidence to disprove the same.

A mistake as to the decision of the Justice is no ground for the reversal of a judgment upon Certiorari.

[No "Points and authorities" on file on behalf of Respondent.]

Masterson & Simons, Counsel for Appellant.

Palmer & Hayward, Counsel for Respondent.

*By the Court*—SHERBURNE J.—This is an action in the nature of Assumpsit, on an account annexed, originally brought before a Justice of the Peace, and carried into the District Court by writ of Certiorari.

The Defendant in his Answer set up an account in set-off greater, by the sum of about fifty dollars, than that charged in the Plaintiff's complaint. To this answer there was no reply upon the part of the Plaintiff.

Upon the trial before the Magistrate the Plaintiff offered to introduce testimony for the purpose of disproving one or more of the charges alleged in the Defendant's answer. This testimony was objected to by the Defendant, and the objection was sustained by the Magistrate.

The exclusion of this testimony by the Magistrate is alleged by the Plaintiff's Counsel to be error. I have no doubt, however, that the testimony was properly excluded. The statute provision upon the subject is plain and conclusive. The account set up in the answer, and not denied by any reply of the Plaintiff, was rightly taken as admitted, and any testimony offered by the Plaintiff was outside of the issue made by the parties, and therefore irrelevant.

The admission of the testimony would have been clearly erroneous. The language of the Statute is: (see page 303, Sec. 33) "Every material allegation in a complaint, or relating to a counter claim in an answer, not denied by the pleading of the adverse party, must on the trial be taken to be true," &c.

In this conclusion I have not overlooked the fact that neither the *complaint* or *answer* are properly verified. It is urged by the Counsel for the Plaintiff that for this reason the allegations in the answer cannot be taken as admitted, although not denied: and that judgment should not have been given for the Defendant without proof of the facts alleged in the answer. Our Statute is imperative that the pleadings in an action before a Justice of the Peace must be verified. *Rev. Statutes*, Sec. 32, p. 302.

The complaint not being verified, the Plaintiff therefore committed the first error in this respect. The Defendant attempted to verify his answer, but the verification is imperfect. Upon this state of the pleadings the parties went to trial, without

objection upon either side on account of their insufficiency. If the irregularity was waived—and it certainly was, as far as the party had the power to do so—it is too late now to make the objection. The Plaintiff insists, as before stated, that although the pleadings may present an issue which can be tried by the Court, still the answer is not evidence : or, in other words, that no material fact alleged in it is admitted by the want of a reply.

In this case, neither the complaint or answer were in accordance with the positive requirements of the Statute, and in my own opinion the whole matter might properly have been dismissed by the Magistrate upon his own motion.

There are other interests at stake in the trial of causes than those which pertain to the parties litigant. The object of the statute provision requiring that pleadings before Magistrates shall be verified was intended not only to protect parties against sham complaints, answers and defences, but also to relieve Magistrates and jurors from an examination of them, and the Government from expense. It is a matter of public policy, as well as private interest, that parties shall as far as possible be denied the power of trifling with Courts by a pretence of rights which have no substantial foundation.

The most favorable view which can be taken of this cause is, that the Magistrate had jurisdiction by consent of the parties. If he had such jurisdiction, then the cause must be entertained by this Court.

There is in our Code but one form of pleading before Justices of the Peace, in this respect. In every case the pleading, in order to conform to the Statute, must, as before stated, be verified. It is evident, therefore, that the pleadings in this case must answer the purpose designed or no purpose at all. If the consent or waiver of Counsel have given to them vitality, and to the Court, jurisdiction, they are good for all purposes intended by the Statute ; if not, then they are a mere nullity, and neither of the Courts which have assumed jurisdiction has had any legal authority to do so.

There having been no objection to the irregularity, we think the action may be entertained. See *Day* vs. *Wilbur*, 2d *Caine's R.* 134 ; *Onderdonk* vs. *Ranlett*, 3 *Hill*, 323. It must, however, be held for all the purposes of verified pleadings.

Taylor *v.* Bissell.

If the answer is not denied, it is admitted.   The whole ques-tion must be determined by our statute provisions.   And the authority cited by the Plaintiff's Counsel, from 1st volume of *Monell's Practice*, page 586, is not in point.

The third cause for reversing the judgment of the Magis-istrate is, that "upon a motion to dismiss the action, judgment upon the merits or in chief cannot be given."   Whether this position is correct or not, the facts in the case do not sustain it. That part of the return of the Justice applicable to the objec-tion is in the following words:   "Defendant made a motion to "dismiss the suit, as Plaintiff had failed to prove the board-"bill:  motion not sustained.   Defendant here said he closed, "but asked for a judgment for Defendant for a balance due on "account, as it had not been denied, and had been verified by "oath of Defendant.   Parties left. · Upon examination of the "testimony, I considered the Plaintiff had proved what he de-"clared for $24 00.   Defendant claiming $75 40 not being "denied, I gave judgment for Defendant for $51 40 and costs "of suit."   The return, therefore, shows that the judgment was not given by the Magistrate upon motion to dismiss the suit, but upon the motion of the Defendant for judgment in his favor for the balance due on account.   Whether he could do do so or not without proof of the Defendant's account, has al-ready been considered.

I do not see that the fourth error assigned has any point whatever.   It is in these words: "The judgment involves the "absurdity of allowing the value of one portion of an indivis-"ible article sold Defendant and disallowing the rest."   The objection is probably based upon facts stated in the affidavit of the Plaintiff to obtain his Writ of Certiorari.   The Court is, however, confined to the facts found in the return of the Mag-istrate who tried the cause.

There is nothing in the return to which this objection can possibly have any application.

The fifth error assigned has already been disposed of.

The sixth is in the following words: "The Plaintiff and his "Counsel, without fault upon their part, were under a mistake "respecting a decision of the Justice upon a motion to dismiss, "and were thus deprived of the right to be heard on the mer-

" its of the case, or of making a motion to amend proceedings."

In this there is no error in law. If the statement is true, the Plaintiff might or might not have been entitled to some remedy: but that would have depended upon the whole circumstances of the case. It is not a question which can be noticed in this form of proceeding. The judgment of the Magistrate in which the cause originated must be affirmed.