Smith v. County Commissioners.

WM. SMITH & al., *Pet'rs, versus* COMMISSIONERS OF CUMBERLAND COUNTY.

The statute of 1852, c. 221, required that the return of County Commissioners should, pending proceedings, remain on file for the inspection of interested parties.

Where the records of Commissioners fail to show a compliance with a provision of statute, the fact that it has been complied with, may be established, *aliunde*.

The omission to state such fact in the records, is not a defect sufficient to authorize the issuing of a writ of *certiorari*.

Proceedings, commenced and carried forward in accordance with the provisions of a statute which is changed by an amendatory Act during their pendency, cannot be deemed irregular.

The Act of 1853, c. 26, amending that of 1852, c. 221, was prospective in its operation.

When an appeal is taken from a decision of Commissioners in reference to the location, alteration or discontinuance of a highway, all further proceedings by the Commissioners are suspended. If the judgment of the appellate court be wholly against the doings of the Commissioners, it ends them; if it wholly affirm them, they are not obliged to commence again *de novo*, but will proceed from the point which they had reached when the appeal was taken; if it affirm them in part only, the Commissioners will proceed and complete their work in conformity with the judgment of the appellate court.

Where the record omits to state, that a committee appointed by the Supreme Judicial Court to report upon the doings of County Commissioners, were disinterested men, the technical defect may be corrected by amendment. It would not authorize the Court to quash the record.

Under the provisions of the Revised Statutes of 1841, County Commissioners may lay out a highway wholly within the limits of one town.

The Court will not, in the exercise of its discretion, grant a writ of *certiorari* for informalities in a record, which are merely technical, which do not affect injuriously the rights of any citizen, and which are not prejudicial to the public interests.

PETITION for WRIT OF CERTIORARI.

The inhabitants of the town of Windham appealed from the decision of the County Commissioners of the county of Cumberland, in locating a highway in that town. The Supreme Judicial Court thereupon appointed a committee to view the route and other routes connected therewith, who subsequently reported, affirming the doings of the Commis-

sioners, which report was accepted by the Court, and the appellants were ordered to pay costs.

The appellants thereafter petitioned that a writ of *certiorari* might be issued to the said County Commissioners and to the said Supreme Judicial Court, directing them to certify to this Court the record of their proceedings and doings, that the same might be quashed; and the petition assigned the following grounds therefor:—

"1st. Because the doings of said Commissioners, in locating said road, were not returned to the next regular session of said Commissioners' Court after the same had been had and finished.

"2d. Because the doings of said Commissioners were not put on file in the clerk's office, at the next regular session of said Commissioners' Court after they had located said road.

"3d. Because the doings of said Commissioners were not recorded at the next regular session after they had located said road.

"4th. Because there is no legal record of the location of said road.

"5th. Because the committee appointed by the Supreme Judicial Court, viz., Charles Hannaford, Nahum Morrill, and Sewall Milliken, were not three disinterested persons, as the statute requires, it not so appearing by the record.

"6th. Because there was no judgment passed in the Supreme Judicial Court upon the report of the committee appointed by said Court.

"7th. Because said road, being wholly within the limits of the town of Windham, the County Commissioners had no legal authority to locate the same.

"8th. Because the County Commissioners did not record their doings and proceedings until their regular session, holden at Portland, in said county, on the first Tuesday of June, A. D., 1854."

*J. Eveleth*, for petitioners, argued at length in support of the objections to the doings of the Commissioners, assigned in the petition, and cited, among others, the following author-

Smith v. County Commissioners.

ities:—R. S. of 1841, c. 25, § 3; Act of 1852, c. 221, § 2; Act of 1847, c. 28, § 4; Act of 1853, c. 26, § 2; *Wayne and Fayette* v. *County Commissioners*, 37 Maine, 559; *Plantation No. 9* v. *Bean*, 36 Maine, 361; *Madison* v. *County Commissioners*, 34 Maine, 592; *Macnawhoc Plantation* v. *Thompson*, 36 Maine, 365; *Detroit* v. *County Commissioners*, 35 Maine, 373; *Commonwealth* v. *Getchell*, 16 Pick. 452; *Cushing* v. *Gay*, 23 Maine, 11; *Commonwealth* v. *Stockbridge*, 11 Mass. 279; *Commonwealth* v. *Metcalf*, 2 Mass. 118; *Pierce* v. *Strickland*, 26 Maine, 277; *Ellis* v. *Page*, 1 Pick. 43; *Rutland* v. *Mendon*, 1 Pick. 154; *Blackburn* v. *Walpole*, 9 Pick. 97; *Commonwealth* v. *Cambridge*, 7 Mass. 158; *New Vineyard* v. *Somerset*, 15 Maine, 21.

*Howard & Strout*, for respondents.

1. To the first objection in the petition, we answer, that it is negatived by the record. The record shows the report and return to have been made at the regular session of the County Commissioners in December, 1852. The location of the road was in September preceding, and the proceedings of the Commissioners, so far as the hearing of parties and the location of the road were concerned, took place at that time. The next regular session of the Commissioners was in December, 1852.

2. The second objection is, that the doings of the Commissioners were not placed on file, according to law. But there is no proof in the case that such is the fact. The presumption is, that the Commissioners observed the law, till the contrary appears. The statute of 1852, c. 221, is only directory, and the fact is not required to appear of record. *Detroit* v. *County Commissioners*, 35 Maine, 379. But in this case, it substantially appears of record, that the law was complied with.

3. The third objection is, that the doings of the Commissioners were not recorded at the December term, 1852. The record shows them to have been recorded. It, however, is not required by law. Chapter 221, of Laws of 1852; *Detroit* v. *County Commissioners*, 35 Maine, 378.

4. The fourth objection is, that there is no legal record,

and in the argument of counsel it is suggested that the record is not signed by the clerk of the County Commissioners for the time being. The record is signed by Robert A. Bird, who was the clerk at the time the record was made up, in June, 1854. And according to the statute of 1852, c. 221, before cited, it was not necessary that the return should have been recorded, until the proceedings were finally closed, after the determination of the appeal.

But it is further insisted, that the Commissioners should have located the way *anew*, after the report of the committee affirming the location, had been certified to the Commissioners, and that this is required by c. 28 of laws of 1847.

Section 4, of c. 28, above cited, seems to proceed upon the idea that the appeal is taken from the decision of the Commissioners to locate, and before the actual location, and, with this view, the latter part of the section provides, that after the report of the committee is certified to the Commissioners, they shall proceed to lay out, &c., "in the manner and according to the regulations and limitations provided by law, where no appeal is taken." The meaning would seem to be, that after the appeal is taken, the proceedings in the County Commissioners' Court are suspended until the determination of the appeal, and then the Commissioners are to furnish that part of the proper proceedings which were not had when the appeal was interposed.

It could not have been intended by the Legislature, that the Commissioners should begin *de novo*, and issue a new notice upon the petition, grant a new hearing to the parties, and view and locate the route anew.

5. The fifth objection is, that the committee appointed by the Supreme Judicial Court were not disinterested, because the record does not so state. We reply, that the Court appointed the committee, acting judicially. The Court could appoint none but disinterested persons.

6. The sixth objection is, that no sufficient judgment was rendered in the appellate court. This objection is not insisted upon in the opening argument by counsel for petitioners.

The record shows a judgment at the April term, 1853, such, we apprehend, as is required by c. 28, § 4, of laws of 1847. But if not formally entered, the fault may be chargable to the clerk, and therefore amendable. *Sumner* v. *County Commissioners*, 37 Maine, 123.

The Court has power to correct its records according to the fact. *Limerick, pet.,* 18 Maine, 187.

7. To the seventh objection, we have the simple answer, that this Court has recently decided, upon the statute now in force, that the Commissioners have authority to locate a highway wholly within the limits of one town. *Harkness* v. *County Commissioners*, 26 Maine, 353.

8. The proceedings under the petition were not finished till June term, 1853. No record was required to have been made until the proceedings were closed. R. S., c. 25, § 3, as amended by c. 221, of laws of 1852. By § 5, of c. 25, above cited, it is provided that the petition shall be continued two terms, after the proceedings by the Commissioners were had and finished, before they are finally closed. This contemplates that the record shall not be made up and completed until the proceedings are finally closed.

The June term, 1854, was the second regular term after the proceedings were finished.

But if the record was not extended or the proceedings closed, so soon as might legally have been done, it does not take away the jurisdiction of the Commissioners, and render all their acts under the petition void; and the writ will be denied, when claimed for this cause. *Orono* v. *County Commissioners*, 30 Maine, 303.

Where substantial justice has been done by the Commissioners, although their record may not show an exact compliance with the statutes, the writ will be denied. *Inhabitants of West Bath, pet.,* 36 Maine, 74.

*Eveleth,* for petitioners, in reply.

RICE, J.—The statute of 1852, c. 221, requires that the return of the Commissioners, pending proceedings, shall re-

main upon the Commissioners' files, in the custody of their clerk, for the inspection of interested parties. It is contended that the record in this case does not show that this provision of the statute has been complied with.

The record does not, in terms, state that fact. But that the return of the Commissioners was really, as matter of fact, on file, as required by law, is not asserted, and, from what appears, we think the inference is legitimate that such was the case. Facts may be established *aliunde* the record. *West Bath* v. *County Commissioners*, 36 Maine, 74. The same objection was taken under a state of facts almost precisely similar in *Detroit* v. *County Commissioners*, 35 Maine, 373, and held to be insufficient to authorize the issuing of a writ of *certiorari*.

Section 3, of c. 25, R. S., was amended by Act of 1852, c. 221, so as not to require the proceedings of the Commissioners to be recorded until they are completed. The proceedings in this case were commenced while the Act of 1852 was in operation. Proceedings had, in conformity with the provisions of this Act, while it was in force, cannot be deemed irregular. The operation of the Act of 1853, c. 26, by which c. 221 of laws of 1852, was amended, was prospective. *Detroit* v. *County Commissioners*, 35 Maine, 373.

The committee appointed by the Supreme Judicial Court, affirmed the doings of the County Commissioners, in locating the highway in controversy, in every particular.

It is now contended that after the report of the committee, was accepted by the Supreme Court, it was the duty of the County Commissioners to locate the highway *de novo*, conforming in all respects to the requirements of the statute in locating highways upon an original petition.

By § 2, of c. 28, laws of 1847, it is provided that when an appeal is taken, " all proceedings shall be stayed in said Court of County Commissioners, until a decision shall be had in said District Court, from which there shall be no appeal." By § 4, of the same chapter, it is further provided, " if such judgment, (of the District Court,) shall be wholly against the lo-

Smith *v.* County Commissioners.

cation, alteration or discontinuance in question, no further proceedings shall be had thereon by the County Commissioners; but if otherwise, then the County Commissioners shall proceed to lay out, alter, or discontinue such highway, in whole or in part, as the judgment may be; and *in the manner and according to the regulations and limitations provided by law, where no appeal is taken.*"

The first provision suspends, during the pendency of the appeal, all proceedings of the County Commissioners, at the point reached by them when the appeal is taken. And if the decision of the appellate court is wholly against the location, alteration, or discontinuance, no further proceedings can be had by the County Commissioners in the premises; but if, on the other hand, the proceedings of the Commissioners are affirmed, in whole or in part, then it becomes their duty to *proceed* in conformity with such decision, and lay out, alter, or discontinue such highway, in whole or in part, as such judgment may be. That is to say, the Commissioners are to *proceed* from the point which they had reached, when their proceedings were *suspended* by the interposition of the appeal, and complete the laying out, alteration, or discontinuance of such highway, in accordance with the decision of the appellate court. This, we think, is the reasonable construction of this statute, when taken as a whole. The construction contended for, by the counsel for the petitioners, would require of the Commissioners a work of supererogation.

It is also contended that the record does not show that the committee appointed by the Supreme Judicial Court, were *disinterested* men. There is no suggestion that the men who composed that committee were in fact interested in the subject matter upon which they were called upon to act. The defect, if any exists, is in the record of this Court, and is probably simply a misprision of the clerk, which may be corrected by amendment. At most, it appears to be only a technical defect for which we should not feel authorized to quash this record.

It is further objected, that the road lying wholly within the

town of Windham, the County Commissioners have no juris-diction. This objection has been ably and ingeniously pre-sented by the petitioners' counsel. The same question was before this Court in the case of *Harkness* v. *Waldo County Commissioners*, 26 Maine, 353. It then received a careful ex-amination by the Court, in an opinion drawn by Mr. Justice SHEPLEY, in which the history of our legislation upon that subject is critically examined. On a revision of that opinion, and the grounds upon which it is based, we perceive no reason to change or modify it. That it is satisfactory to our people, is evinced by the fact that it has now stood upon the judicial records of our State for a period of nearly ten years without modification or complaint.

That there are some technical informalities in the record cannot be controverted, but they do not appear to be of such a character as to affect injuriously the rights of any citizen or to be prejudicial to the public interest. Under such circum-stances we do not deem it expedient, in the exercise of a dis-cretionary power, to disturb proceedings which have received the concurrence of the County Commissioners and of an in-telligent committee appointed by this Court, as well as the approval of this Court itself. For these reasons the writ must be denied in any contingency. We have expressed these views for the purpose of affording a practical rule for proceeding in like cases. But this case is irregularly before this Court, and, for that reason, must be dismissed from the docket.

TENNEY, C. J., and HATHAWAY, CUTTING and GOODENOW, J. J., concurred.