## JOHN McMANUS
### v.
## ROBERT McDONOUGH ET AL.

CERTIORARI—RETURN.—When a writ of *certiorari* is issued and served, it is the duty of the lower court to make out and transmit to the court issuing such writ, a complete transcript of all the proceedings before it. This transcript becomes the return to the writ, and by an inspection of it alone the rights of the parties are to be determined. The court cannot try the merits of the case upon the petition, nor can an issue of fact be made upon the allegations therein. The return to the writ should appear in the record on appeal or writ of error to this court, and there being nothing in the record showing that return was made to the writ, the judgment is reversed.

ERROR to the Circuit Court of Marshall county ; the Hon. JOHN BURNS, Judge, presiding.   Opinion filed July 16, 1879.

Messrs. BARNES & MUIR, for plaintiff in error ; that the case must be tried by an inspection of the record returned in obedience to the writ, cited Com'rs of Sonora v. Super's of Carthage, 27 Ill. 140.

If no return is made to the writ, the parties may be attached: Gallimore v. Dazey, 12 Ill. 143.

McManus v. McDonough.

The court should wait for a return in form from the court below ; *Ex parte* Dugan, 2 Wall. 134 ; Decus v. Bright, 23 Ark. 107 ; Strong v. Allen, 40 Ill. 43.

A party cannot force his adversary to act until he himself is in a position to proceed : Hooper v. Smith, 19 Ill. 53 ; Smith v. Wilson, 26 Ill. 186.

There must be a transcript of the proceedings in the court below before this court can act : Reed v. Driscoll, 84 Ill. 96.

If the record on its face will not warrant the judgment, it will be reversed : Bennett v. Scherme, Breese, 352.

Mr. FRED S. POTTER and JOSEPH E. ONG, for defendants in error; that exceptions must be taken and preserved by bill of exceptions, cited Rev. Stat. 782, § 61; Parsons v. Evans, 17 Ill. 238; Neely v. Wright, 72 Ill. 292; Daniels v. Shields 38 Ill. 197.

Recitals in the judgment may be used to support it: Potter v. Mer. Bank, 28 N. Y. 656; Bosworth v. Vanderwalker, 53 N. Y. 600; Holderman v. Graham, 61 Ill. 359; Case v. Frey, 24 Mich. 251; Turnly v. Stinson, 1 Ala. 456; Hatter v. Eastland, 22 Ala. 688.

PILLSBURY, P. J.   On the 11th day of July, 1877, the plaintiff in error filed, in the Circuit Court of Marshall County, his petition for a writ of *certiorari* to the commissioners of highways, to certify to said court the record of certain proceedings had and taken by them to lay out a certain public highway through the lands of the petitioner.

The writ was allowed by the circuit judge, duly issued and served upon the defendants therein.

The record fails to show that any return was ever made to said writ by the defendants, unless the recital contained in the final order of the court can be construed to have the effect of supplying the omission of the return in the record.

At the October term of the court, the court finds that the proceedings to lay out the highway were regular in all respects, and orders that the commissioners of highways have leave to proceed and open the highway, according to the statute in such case made and provided.

From this order the petitioner brings the case to this court, and assigns for error this action of the court.

We understand the rule to be that when a common law writ of *certiorari* is issued and served upon the inferior court, or body, it then becomes the duty of such inferior tribunal to make out and transmit to the court awarding such writ a full and complete transcript of all the proceedings had before it, and certify the same to the court awarding such writ  This transcript so certified, becomes the return to the writ, and a part of the record in the superior court, and by its inspection alone the rights of the parties are to be determined. The court cannot try the merits of the case upon the petition, nor can an issue of fact be made upon the allegations therein contained.  The merits cannot be determined without a return of the writ, and the court should compel such return by the party to whom the writ is directed, by attachment if necessary, and the return of service of the writ by the sheriff will justify the issuing of the attachment.

The return to the writ then being the foundation of the action of the superior court necessarily becomes a part of the record, and should appear as part of the record when filed in this court upon appeal or writ of error for review.

Such return not appearing in this record, there does not appear sufficient to justify the order of the court below in finding that the proceedings were in all respects regular, for that could only be determined as we have seen, by an inspection of a return to the writ, which does not appear to have been made and entered of record.

The judgment of the court below must be reversed and the cause remanded.

                                        Judgment reversed.