DANIEL WOODIN, ADM'R v. FRANCIS PHOENIX ET AL.

*A judge cannot appoint himself referee.*

A judge cannot appoint himself referee in a cause pending in his court even on stipulation of the parties.

A judge's personal answer to a writ of certiorari directed to the court is a voluntary proceeding and not properly part of the return.

Certiorari does not lie to review the action of a circuit judge in appointing himself referee in a cause pending before him; but mandamus lies to set it aside.

Certiorari to the circuit court for the county of St. Clair.  Submitted July 2.  Decided October 21.

*George P. Voorheis* for plaintiff in certiorari.

*Elliott G. Stevenson* and *O'B. J. Atkinson* for defendant in certiorari.

GRAVES, J.  This is a certiorari to the circuit court for the county of St. Clair to revise the action of the judge in ordering his own appointment on stipulation as one of three referees, and to re-examine other proceedings following such action.

The writ was directed to the court and not to the judge, and the court records fail to show that the circuit judge and the referee, though of the same name, were the same person.  The judge, however, has transmitted his personal answer, and that shows the fact of identity.  But this answer is a voluntary proceeding and is not regularly a component of the return.

The case is not, therefore, fully presented, for want

of a regular showing of the material fact just mentioned, even if we admit certiorari to be the proper remedy. But we are inclined to think it is not, and that the remedy applicable was mandamus to compel the setting aside of the proceedings.

As there seems to be no question about the facts we are disposed to intimate our opinion briefly upon the case.

We think it was not competent for the judge to clothe himself with the character of referee in the cause. The fact that he was judge in the same case was a disability. The functions are incompatible. The law intends that the character of referee and that of judge shall not co-exist in the same person, and they cannot be combined under our laws without confusion and disorder. The two positions are contemplated as separate and as securing within limits the considerate prudence and judgment of two minds instead of one. The referee determines in the first place, but his findings are subject to scrutiny and revisal by the judge. The judge may expedite the reference, compel the referee to report or to sign a bill of exceptions and may dismiss him on cause shown, and the referee may certify to the judge for his decision the contumacy of a witness, and he is allowed to have pay for his service as referee and which may be taxed as costs in the cause. In fine, the whole system of regulations is repugnant to any fusion of functions.

The effect of the reference and of the subsequent proceedings was to cause a discontinuance of the action. Although the judge was called to act as referee by the written nomination of both parties, and his subsequent action in sitting as referee was by their mutual desire, we cannot put aside the objection however ungracious it may appear. It is a matter of jurisdiction.

The view taken of the present proceeding, however, prevents giving any actual redress and requires a dismissal of the certiorari. The intimation given will doubtless render any further application unnecessary.

The other Justices concurred.