[Civ. No. 1685. First Appellate District.—December 27, 1916.]

JAMES T. DONOVAN, Appellant, v. BOARD OF POLICE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CERTIORARI—PROCEEDINGS DISMISSING POLICE OFFICER—FAILURE TO MAKE RETURN TO WRIT—LACK OF JURISDICTION.—Upon a petition for a writ of *certiorari* to review and annul an order of the board of police commissioners of the city and county of San Francisco dismissing an officer from the department after a trial upon charges preferred against him, the superior court is without jurisdiction to proceed to a final hearing and determination of the only questions which could be litigated upon the hearing of the writ, viz., did the board exceed its jurisdiction in making the order, and did it regularly pursue the authority conferred upon it in the matter, where the clerk of the board made no return accompanied by a transcript of the proceedings sought to be reviewed, as required by section 1070 of the Code of Civil Procedure, notwithstanding uncertified excerpts from the proceedings before the board were received in evidence upon the hearing, and the defendants in due course appeared in the proceeding by a purported answer to the petition, wherein they admitted some and denied other allegations of the petition, and at the same time pleaded laches on the part of the plaintiff as a ground for the denial of the writ.

ID.—ISSUANCE OF WRIT—RESORT TO EVIDENCE OUTSIDE OF RECORD.— There is a decided difference between the hearing and determination of an application for the issuance of a writ of *certiorari*, and

the final hearing and determination had upon the writ itself and the return made thereto. In the first case no particular procedure is prescribed; and it is the usual course to allow the writ, or to grant an order to show cause why it should not issue, if the petition on its face discloses merit. However, the court to whom the petition is addressed may in the exercise of its discretion and for the purposes of determining whether or not, despite the irregularities complained of, injustice may be done by the issuance of the writ, resort to evidence without the record sought to be reviewed.

Id.—FILING OF ANSWER TO PETITION—RIGHT TO CONSIDER EVIDENCE UNAFFECTED.—The right of the court to resort to evidence outside of the record sought to be reviewed in determining whether the writ should issue is not affected by the filing of an answer to the petition unaccompanied by a return of the record.

Id.—ANSWER INAPPROPRIATE—DUTY TO MAKE RETURN.—An answer in the sense usually understood in civil pleading is neither necessary nor proper upon a final hearing in *certiorari*, for the issue ultimately involved therein is presented by and determined from the writ itself and the return made thereto; the defendants should not answer, but should make return, stating the rulings and proceedings, as the return to the writ constitutes an answer as well as evidence.

Id.—FINAL HEARING IN CERTIORARI—RETURN INDISPENSABLE PREREQUISITE.—The return to the writ or its equivalent is an indispensable prerequisite to a final hearing in *certiorari*, as the only purpose of the petition is to secure the issuance of the writ, and when it has served its purpose, it has ceased to be a factor in the proceedings.

Id.—ISSUANCE OF WRIT—DISCRETION.—The writ of *certiorari* is not one of right, and does not issue of course, but only in the exercise of a sound judicial discretion.

Id.—LACHES—DEFENSE TO PETITION.—A petition for a writ of *certiorari*, being addressed to the sound discretion of the court, is very similar to an application for an injunction, and laches, which is the neglect or omission to assert a right, may be asserted as a defense to the petition.

Id.—DELAY IN SEEKING REVIEW OF PROCEEDINGS—LACHES BARRING RELIEF.—A delay of fourteen months by a police sergeant in applying for a writ of *certiorari* to review the proceedings dismissing him from the police department constitutes laches barring relief, for it is the duty of a public servant, wrongfully removed, to promptly seek reinstatement so as to protect the city from the necessity of paying two persons for the same services.

Id.—DISMISSAL FOR UNBECOMING CONDUCT—SUFFICIENCY OF EVIDENCE.—An order dismissing a police officer for conduct unbecoming an officer is warranted by evidence to the effect that he, knowing that

a robbery was being perpetrated, gave his revolver to another, and allowed the latter to interfere and kill the robber.

ID.—WEIGHT OF EVIDENCE NOT REVIEWABLE.—The weight of the evidence in any given case is never rightfully reviewed upon *certiorari.*

ID.—VIOLATION OF RULE CHARGED—FAILURE TO PROVIDE PENALTY—JURISDICTION OF COMMISSIONERS.—The jurisdiction of the board of police commissioners of the city and county of San Francisco to dismiss an officer from the department is not affected by the fact that no penalty had been previously prescribed for the violation of the particular rule which the officer was charged with violating, in view of the rule providing that any conduct unbecoming an officer, and offenses against the rules and regulations of the department, shall subject the offender to such penalty as in the judgment of the board may be proper under the law, and in view of the provisions of the charter of the city and county giving the board the power to prescribe penalties for the violation of any rules of the department, and that any member guilty of such violation shall be liable to punishment by reprimand, or by fine to be fixed by the commissioners, or by dismissal from the department.

ID.—VERIFICATION OF COMPLAINT—WAIVER OF DEFECTS.—Where upon the trial of a police officer before the board of police commissioners, no objection is made by him as to the verification of the complaint upon which the trial is had, any defect therein is thereby waived.

ID.—DISQUALIFICATION OF COMMISSIONER—RECORD—MATTER NOT REVIEWABLE.—The prejudice of one of the commissioners against the officer cannot be considered on *certiorari* to review the order dismissing the officer, where such disqualification is not made to appear upon the face of the record of the proceeding sought to be reviewed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

J. J. Dunne, for Appellant.

Percy V. Long, City Attorney, and Harry G. McKannay, Assistant City Attorney, for Respondents.

LENNON, P. J.—In the court below the plaintiff in this proceeding sought a writ of *certiorari* reviewing and annulling an order of the defendants, sitting as the board of police commissioners of the city and county of San Francisco, whereby the plaintiff was dismissed from the police depart-

ment of the city and county after a trial upon charges preferred against him, which were in effect (1) neglect of duty in failing to discover and suppress a gambling resort existing and operating in the district assigned to him for patrol as a sergeant of police, and (2) neglect of duty in failing to initiate immediate and effective measures for the arrest of a person actually engaged in the commission of a crime— a felony—coupled with conduct unbecoming an officer of the department in voluntarily delivering his revolver to a stranger, who was present at or near the place where said felony was being committed, and who, armed with the defendant's revolver thus abandoned to him, attacked the criminal and shot and killed him.

Plaintiff's second amended petition for the writ prayed that the defendants be commanded to certify fully to the court below a transcript of the record and proceedings made and had, including the testimony taken, in the matter of his dismissal, and that "upon said certification of said record and proceedings the same be reviewed," and that the judgment or order for the plaintiff's dismissal be thereupon annulled and vacated.

The record before us does not disclose that the clerk of the defendant board made the return accompanied by a transcript of the proceedings sought to be reviewed, as required by section 1070 of the Code of Civil Procedure; in fact the record fails to show that the writ applied for was ever allowed and issued, or that in lieu thereof the court below granted an order to show cause why it should not be allowed, as provided and permitted by section 1069 of the same code. True, uncertified excerpts from the proceedings had upon the trial of the plaintiff before the board were offered and received in evidence upon the hearing in the court below, but such detached and unauthenticated portions of the record assailed cannot be considered a full or any return in the sense required by the statute. The defendants, however, in due course appeared in the proceedings by a purported answer to the plaintiff's petition for the writ, wherein they admitted some and denied the other allegations of the petition, and at the same time pleaded laches on the part of the plaintiff as a ground for the denial of the writ.

Confronted by this condition of the record we are constrained to hold that the court below was without jurisdiction

to proceed, as indicated by its findings and judgment, to a final hearing and determination of the only questions which could be litigated upon the hearing of the writ, viz., (1) Did the defendants, as the board of police commissioners, exceed their jurisdiction when making the order complained of? And (2) Did they, in the matter before them, regularly pursue the authority conferred upon them? (Code Civ. Proc., secs. 1068, 1074; *Miller* v. *Board of Supervisors*, 25 Cal. 93.)

There is a decided difference between the hearing and determination of an application for the issuance of a writ of *certiorari*, and the final hearing and determination had upon the writ itself and the return made thereto. In the first case no particular procedure is prescribed; and it is the usual course to allow the writ, or to grant an order to show cause why it should not issue, if the petition upon its face discloses merit. However, the court to whom the petition is addressed may, it seems, in the exercise of its discretion, and for the purpose of determining whether or not, despite the irregularities complained of, injustice may be done by the issuance of the writ, resort to evidence from without the record sought to be reviewed (Harris on Certiorari, sec. 15; *White* v. *Lincoln County Commrs.*, 70 Me. 317, 326; *Smith* v. *Cumberland County Commrs.*, 42 Me. 395, 400; *In re Inhabitants of West Bath*, 36 Me. 74; *Stevens* v. *County Commrs.*, 97 Me. 121, [53 Atl. 985]; *Hewett* v. *County Commrs.*, 85 Me. 308, [27 Atl. 179]); and in so far as the record before us shows, virtually that is what the court below did in the present case. The fact that the defendants saw fit to make and file an answer to the plaintiff's petition unaccompanied by a return of the record, does not alter the situation. An answer in the sense usually understood in civil pleading is neither necessary nor proper upon a final hearing in *certiorari*, for the issue ultimately involved therein is presented by and determined from the writ itself and the return made thereto. "Upon *certiorari* the terms 'answer' and 'return' are sometimes inaccurately used interchangeably. Strictly speaking the lower tribunal or board should not answer, but should make return, stating its ruling and proceedings, as the return to the writ constitutes an answer as well as evidence" (4 Standard Cyclopedia of Procedure, 935; *Stumpf* v. *Board of Supervisors*, 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663]; *Lowell* v. *County Commrs.*, 146

Mass. 403, [16 N. E. 8]; *Tewksbury* v. *Middlesex County Commrs.*, 117 Mass. 563; *Woodin* v. *Phoenix*, 41 Mich. 655, [32 Am. Rep. 172, 2 N. W. 923]). The only purpose of the petition is to procure the issuance of the writ; and when it has served that purpose it has ceased to be a factor in the proceedings (*Taylor* v. *Bissell*, 1 Minn. 225). This is so because the settled general rule in *certiorari* is that the trial and judgment therein must be had solely upon an inspection of the record of the proceedings assailed and not upon any ulterior issue of fact (*Tewksbury* v. *Middlesex County Commrs.*, 117 Mass. 563; *Gerdes* v. *Champion*, 108 Ill. 137; *McManus* v. *McDonough*, 4 Ill. App. 180; *Roe* v. *Superior Court*, 60 Cal. 93; Harris on Certiorari, secs. 120–130). Clearly, therefore, the required return or its equivalent is an indispensable prerequisite to a final hearing in *certiorari*. (*Leroy* v. *City of New York*, 20 Johns. (N. Y.) 430, [11 Am. Dec. 289]; *Ex parte Dugan*, 69 U. S. (2 Wall.) 134, [17 L. Ed. 871]; *McManus* v. *McDonough*, 4 Ill. App. 180.)

We are not unmindful of the many cases which might be cited tending to support the proposition that the issuance of the writ may be waived by stipulation of the parties, or impliedly by an appearance in anticipation of its issuance, and then proceeding to a hearing without objection. We are also aware that it has been held that the return may be made upon an agreed statement of facts; and that when a transcript of the record of the proceedings assailed is attached to and made a part of the petition for the writ the parties may, either expressly or impliedly, waive the formal return. Of course when this is done there can be no need for the writ nor any necessity for a formal return. While the appearance of the defendants in the present case may be construed as a waiver of the issuance of the writ, nevertheless the petition for the writ was not accompanied by a certified copy of the proceedings sought to be reviewed; and that the purported hearing and judgment upon the ultimate merits of the controversy were not had upon an agreed statement of facts of the case is indicated by an inspection of the record as a whole, and particularly by a ruling of the trial court which, in the face of objection, permitted in evidence, "subject to its being verified," an excerpt from the proceedings assailed, which had been made by counsel for the plaintiff and which, in so far as the record shows, was not subsequently verified.

Consequently it cannot be said that the proceedings had in the court below were based upon the required return or its equivalent; and that being so there is no escape from the conclusion that the court was without jurisdiction to fully and finally review the validity of the proceedings attacked (Code Civ. Proc., 1070, 1075; *McKay* v. *Jones*, 30 Ark. 148; *Phillips* v. *Desha*, 58 Ark. 250, [24 S. W. 249]; *Marshall* v. *Ramsauer*, 30 Ark. 532; *Dicus* v. *Bright*, 23 Ark. 107; *Deans* v. *Wilcoxson*, 18 Fla. 531; *People* v. *McCraney*, 21 How. Pr. (N. Y.) 149; *Derton* v. *Boyd*, 21 Ark. 264; *Rightor* v. *Gray*, 23 Ark. 228; *Stemble* v. *Hewling*, 2 Ohio St. 229; *Vance* v. *Goudy*, Wright (Ohio), 307; *Brownwell* v. *Skinner*, Wright (Ohio), 682; *Walker* v. *District of Columbia*, 6 Mackey (17 D. C.), 352).

Stripped of the purported findings, conclusions of law, and final formal judgment which, as we have shown, the court below was without jurisdiction to make, the record shows, as we have previously indicated, no more than a mere hearing of the plaintiff's petition, presumably upon notice, as is permitted by section 1069 of the Code of Civil Procedure, for the issuance of the writ.

The writ of *certiorari* is not one of right, and therefore does not issue as of course, but only in the exercise of a sound judicial discretion; and construing the so-called judgment as tantamount to a denial of the petition for the writ, it must stand affirmed if it can be said that the court below was justified in refusing the writ for the reason, among others, as declared in its so-called conclusions of law, that the plaintiff had "not established grounds for the issuance of the writ." Incidentally it may be noted in passing that this conclusion of law strengthens the idea that the proceedings had in the court below were *in limine*, and involved but the single question of the propriety of issuing the writ; and our conclusion in that behalf is further fortified by the fact that the judgment-roll certified to us does not exhibit, as required by section 1077 of the Code of Civil Procedure, the issuance and existence of a writ and a return. The requirement of the code in this behalf rests doubtless upon the theory that inasmuch as the return to the writ is the basis of the judgment reviewed by the court it should appear as a part of the record on appeal. (*McManus* v. *McDonough*, 4 Ill. App. 180.)

This brings us to a consideration of the question of whether or not, upon the showing made upon the hearing of the application for the writ, the court below was justified in refusing it.

In this connection we note at the outset that the petition on its face discloses that the plaintiff was guilty of laches in seeking redress through the medium of *certiorari*. A petition for a writ of *certiorari* is addressed to the discretion of the court or judge to whom the application is made, and therefore is very much akin to a prayer for an injunction in equity (Harris on Certiorari, sec. 2); and "laches is defined to be such neglect or omission to assert a right as, taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity." (*Cahill* v. *Superior Court,* 145 Cal. 42, 46, [78 Pac. 467, 469].) It appears from the petition in the present case that the plaintiff was dismissed from the police department by an order of the defendants on the ninth day of February, 1911, and the indorsements on the petition show that it was not filed in the court below until the eighteenth day of June, 1912—more than fourteen months after the order of dismissal. In the absence of a showing sufficient to excuse this delay it certainly constituted laches. While it is true, as counsel for the plaintiff contends, that mere lapse of time short of that prescribed by a statute of limitations in any given similar case will not in itself suffice to constitute laches so as to bar a remedy, nevertheless, if in addition it appears from all the circumstances of the case that prejudice must or, from the very nature of the case, may be reasonably expected to result, the remedy will be denied (*Cahill* v. *Superior Court,* 145 Cal. 42, [78 Pac. 467]; *Cook* v. *Ceas,* 147 Cal. 614, [82 Pac. 370]; *McGibbon* v. *Schmidt,* 172 Cal. 70, [155 Pac. 460]); and, whenever public inconvenience might result from the annulment of the proceedings sought to be reviewed, the rule of laches relative to applications for the writ is applied and enforced with particular strictness. (4 Standard Encyclopedia of Law and Procedure, 912.) As was stated in the case of *Murphy* v. *Keller,* 61 App. Div. 145, [70 N. Y. Supp. 405]: "In all proceedings of this character, where a person removed from public office is entitled to receive from the public compensation for the services he performs, if he intends to insist that his removal was illegal, or that the law entitles him to

be reinstated, his application for reinstatement should be promptly made so as to protect the city from the necessity of paying two persons for the same services." It would be contrary to common knowledge of the needs of the police department of a great city, and the well-known practice of the appointing powers to fill vacancies created in such department, to suppose that the defendants in the present case allowed the vacancy created by the dismissal of the plaintiff to long remain unfilled; and therefore it may fairly be said that the particular circumstances of the case as disclosed by the petition for the writ show with sufficient certainty that prejudice as a result of the plaintiff's laches would follow the granting of the writ.

This opinion might with propriety, and in strictness should, end here with an affirmance of the judgment (*Knorp* v. *Board of Police Commrs.*, 31 Cal. App. 539, [161 Pac. 12]); but a due recognition of the labor and research evidently expended by the very able counsel for the petitioner in the preparation of most excellent briefs in support of the points made for a reversal, constrains us to say that even if the record before us justified the assumption that the proceedings in the court below were had upon an inspection of the record, or its equivalent, of the proceedings sought to be reviewed, nevertheless we are of the opinion that the plaintiff was not entitled upon the showing made to the relief prayed for.

One of the allegations of the plaintiff's petition was that the evidence received by the defendants, sitting as the board of police commissioners upon the trial of the plaintiff, did not justify the finding of his guilt of the charges preferred against him, nor warrant the punishment of dismissal meted out to him. In support of this phase of the controversy there was offered and read in evidence in the court below a purported but nevertheless unauthenticated transcript of the testimony taken at the trial of the plaintiff which showed in substance that on and prior to the twenty-seventh day of January, 1911, the plaintiff was a duly appointed and acting sergeant of police in the police department of the city and county of San Francisco. On that date one Gustav Postler "held up" the Saratoga Club, a gambling-house in said city. Postler was accompanied to the scene of the robbery by his son Paul, a boy of about fifteen years

of age, who, however, was unaware of the unlawful mission of his father. Leaving the boy in a buggy in which they had driven to the scene, Postler entered the elevator of the building and was taken to the floor where the rooms of the club were situated. Shortly thereafter the son observed three men attempt to leave the building by means of a fire-escape, one of whom, E. L. Kripp, succeeded in reaching the sidewalk. Upon observing the action of the men upon the fire-escape young Postler informed the plaintiff, who was standing in front of the premises, that there was trouble in the building, and pointed out Kripp as a man who had left the building by means of the fire-escape. When questioned by plaintiff, Kripp informed him that someone was trying to rob the place upstairs, whereupon he requested Kripp to guard the elevator until the plaintiff obtained assistance. Kripp thereupon asked plaintiff for his pistol. Plaintiff complied with his request and immediately left for assistance. Returning he learned from young Postler in the presence of Kripp that the man attempting the robbery upstairs was the boy's father. Kripp requested the boy to go upstairs with him. This young Postler did, and upon meeting his father he asked him not to shoot, and to give back the money which he had taken from the keeper of the game. The father did not answer his son, but requested Kripp to go to the door of the rooms, and then, according to the testimony of the boy, Kripp turned and fired a shot at the elder Postler, which was followed by several other shots; and when the smoke of battle cleared away Postler, the elder, was found dead. At the time young Postler and Kripp entered the elevator plaintiff was present, but did not ascend with them because, as he explained, the elevator operator refused him permission to do so. However, upon plaintiff's order, police officer O'Connell, who had been summoned by plaintiff, ascended to the gambling-rooms by means of the stairway, and it was not until he had reported the elder Postler dead that the plaintiff went to the scene of the robbery and killing.

The weight of the evidence in any given case is never rightfully reviewed upon *certiorari;* but apart from this we are satisfied that the circumstances above narrated show something more than a mere mistake of judgment which any police officer is likely to make when confronted with a sudden

and wholly unexpected emergency; and therefore we cannot agree with the contention of counsel for plaintiff that the evidence did not show him to have been guilty of conduct unbecoming an officer nor warrant the extreme penalty of his dismissal.

Moreover, the fixing of the penalty was a matter within the discretion of the board, which, when exercised within the jurisdiction conferred upon it by the charter of the municipality, will not be disturbed upon *certiorari*.

The contention that the defendants were without jurisdiction to order the dismissal of the plaintiff because no penalty had been previously prescribed for the violation of the particular rule which he was charged with violating, is elaborately argued; but it is fully and effectively answered, we think, by the provisions of the charter and the rules of the board. Thus, subdivision 2 of section 1 of chapter 3 of the charter provides that the board shall have power to prescribe penalties for the violation of any of the rules of the department; and section 2 of chapter 7 provides that "Any member of the department guilty of any offense or violation of the rules and regulations shall be liable to punishment by reprimand, or by fine to be fixed by the commissioners, or by dismissal from the department." Section 46 of rule 21, enacted and adopted for the regulation of the department, provides that "Any conduct unbecoming an officer, and offenses against the rules and regulations of the department, shall subject the offender to such penalty as in the judgment of the board may be proper under the law." Reading this rule in conjunction with the charter provisions above referred to, we have no doubt that under it the offense charged against the plaintiff might in the judgment of the board be punished by reprimand, a fine, or by dismissal, and it was not necessary that a particular penalty should be prescribed for the violation of each separate rule of the department, although under the charter the board was given power to do so; nor was it essential to the jurisdiction of the board to inflict punishment for a violation of the rules of the department that it should have expressly prescribed a penalty according to the gravity of the offense. The wide latitude allowed to the defendants in the matter of fixing punishment does not, as counsel for the plaintiff in effect contend, operate to render the rule of the board in that

behalf unjust, unreasonable, and oppressive, and therefore void, for, as was said in the case of *Cleu* v. *Board of Police Commrs.,* 3 Cal. App. 174, [84 Pac. 672] : "A wide discretion must be lodged in the board in determining what conduct on the part of members of the department is injurious to the efficiency of the department. . . . It must be presumed that the board in enforcing such a rule will act in good faith for the welfare of the service, and not for purposes of oppression."

One of the provisions of the charter is that no member of the department shall be subject to punishment for any breach of duty or misconduct except after a trial upon a verified complaint; and because the complaint filed against the plaintiff in the present case was verified before the chief of police who, it is claimed, is not one of the officers authorized by law to administer oaths, it was urged in the court below, and it is urged here, that the board was without jurisdiction to try the plaintiff. Conceding that the chief of police was not authorized to take the verification to the complaint, and granting that an improper verification is no verification, and therefore a *quasi*-jurisdictional defect, nevertheless it is a defect which may be waived by proceeding, as did the plaintiff in the present case, to a hearing without objection. True, upon the hearing had in the court below plaintiff produced several witnesses who testified that before proceeding to trial upon the charge preferred against him the plaintiff, by his attorney, made the objection that the complaint was not properly verified; but as against this testimony it was an admitted fact in the case that the record of the proceedings before the board was silent on that subject; and the secretary and stenographer of the defendants both testified that if such an objection had been made they would have heard it, and both would have noted it and made it a permanent part of the record of the proceedings.

Aside from the fact that the court below should not have permitted evidence from without the record as to a fact which, if it existed, should have been made a part of the record, we are satisfied that the evidence sustains the court's finding that the plaintiff waived the defect in the verification by failing to object thereto.

The final ground urged for the issuance of the writ is to be found in the allegation of the plaintiff's petition which, in effect, avers that one of the commissioners who sat in

judgment upon the plaintiff had, prior to the latter's trial, expressed to a fellow-commissioner a determination to "break" the plaintiff "because he was a rich man," and because of the fact that the newspapers were condemning the commission for its past favorable attitude toward policemen charged with violation of the rules of the department. Upon the hearing had in the court below, this allegation of the petition was fully supported by uncontradicted testimony, which upon the whole tended strongly to show that the commissioner in question was so far prejudiced against the plaintiff and his cause as to be utterly disqualified to sit in judgment upon him. The court below, nevertheless, made its finding to the effect that the commissioner in question was neither prejudiced nor disqualified by reason of his expressed determination to "break" the plaintiff; and it is now insisted that a finding in keeping with the evidence would have warranted and required a judgment in plaintiff's favor annulling the order of his dismissal, upon the theory that he was not accorded the fair and impartial trial expressly guaranteed him by the charter.

The weakness of this contention is to be found in the circumstance that the disqualification of the commissioner in question is not made to appear upon the face of the record of the proceedings sought to be reviewed; and, as we have previously pointed out, in *certiorari* the reviewing court is confined to an inspection of the record assailed (*Roe* v. *Superior Court*, 60 Cal. 93), and it will not look beyond the record nor hear anything out of it. True the prejudice of the commissioner in question was not known to the plaintiff until a year after his dismissal, and consequently could not have been taken advantage of at the trial before the commission so as to make it appear of record in the proceedings. Nevertheless the fact remains that it does not appear of record, and cannot be made to appear of record save and except by evidence outside of it. Therefore, even conceding that a prejudiced judge participated in the trial of the plaintiff, nevertheless the latter's remedy, if any, is not to be found in *certiorari*. (*White* v. *Lincoln County Commrs.*, 70 Me. 317, 326; *Walker* v. *District of Columbia*, 6 Mackey (17 D. C.), 352.)

The judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.