[Civ. No. 11856.   Second Appellate District, Division Two.—November 16, 1938.]

MADELEINE HOLDEN LAVORE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Murchison & Clopton and Mort L. Clopton for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

CRAIL, P. J.—This case comes before us on the motion of petitioner to strike from our files the answer to her petition for a writ of review and the answer to her supplemental petition for a writ of review and that we forthwith issue a writ of review as prayed.

The contention of the petitioner is that the question whether the writ should issue is, in the absence of extraordinary circumstances, to be determined by reference to her petition, and that if her petition makes a *prima facie* case

for *certiorari* the writ will issue, and that Rule XXVI, section 4, of the Rules for the Supreme Court and District Courts of Appeal is unconstitutional and void if any construction of said rule is made inconsistent with her foregoing right for the reason that acts necessary to give jurisdiction as specified in an act of the legislature cannot be added to or limited by a rule of court, citing section 129 of the Code of Civil Procedure and *Helbush* v. *Helbush,* 209 Cal. 758 [290 Pac. 18]. The rule against which petitioner contends reads as follows:

"Industrial Accident Commission Cases—When an application is made to the Supreme Court or a District Court of Appeal for a writ of *certiorari,* to review an order or award of the Industrial Accident Commission, the application shall be accompanied by proof of service of a copy thereof upon the Industrial Accident Commission.

"Such application, if based upon a want of evidence sufficient to warrant the conclusion of the Commission, must fairly state all the material evidence relative to the point as to which such want of evidence is claimed to exist.

"The Commission may, within ten days after such service upon it of such copy, serve upon the applicant and file in such court, an answer, which shall be limited to a brief statement of the grounds of the order or award, and to the supplying of any evidence omitted or misstated in the application. If any such answer be served and filed, the petitioner may within five days thereafter serve and file a reply to such answer."

The part of the Constitution which the petitioner quotes reads as follows: "The Legislature is vested with plenary powers, to provide for the settlement of any disputes arising under such legislation by arbitration, or by an industrial accident commission, by the courts, or by either, any, or all of these agencies, either separately or in combination, and may fix and control the method and manner of trial of any such dispute, the rules of evidence and the manner of review of decisions rendered by the tribunal or tribunals designated by it; *provided,* that all decisions of any such tribunal shall be subject to review by the appellate courts of this State. The Legislature may combine in one statute all the provisions for a complete system of workmen's compensation, as herein

defined." (California Constitution, art. XX, part of sec. 21.)

Turning now to see what the legislature has said on the subject, we turn to section 5954 of the Labor Code, which takes us in turn to sections 1067 to 1077, inclusive, of the Code of Civil Procedure.

Section 1069 of said code reads as follows: "The application [for a writ of review] must be made on the verified petition of the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice."

██ The rule against which the petitioner complains has been in effective use in this and other appellate courts for many years. (*Western Indemnity Co.* v. *Industrial Acc. Com.*, 48 Cal. App. 473 [192 Pac. 109].) A proceeding of this nature partakes of two phases: First, determination whether the writ of review should issue and, second, in the event the writ issues whether the respondent tribunal exceeded its jurisdiction. (*Donovan* v. *Board of Police Commrs.*, 32 Cal. App. 392, at 396 [163 Pac. 69].) In determining the question whether the writ should issue this court and other appellate courts of the state have studied not only the petitions for the writs but also the answers of the respondent filed in compliance with said rule and the reply thereto, if any, filed by the petitioner. Very frequently the answer filed by the respondent has made it clear that the issuance of a writ is unwarranted and unwise, because the answer has made it clear that if a writ were issued the ultimate ruling would be a denial of petitioner's prayer for relief. Thus the time of the appellate courts has been conserved. The rule has been a great help toward the efficiency of the courts in the conduct of their business. It would require some showing that the rule was unconstitutional or illegal before this court would so hold.

There is nothing in the rule which conflicts with the constitutional provision that "all decisions of any such tribunal shall be subject to review by the appellate courts of this state". Such provision does not attempt to take from the courts the discretion which the court have always had as to whether the court would or would not issue a writ of

review. The writ of review is not one of right, and therefore does not issue as of course. ██ The granting or refusal of the writ for the purpose of reviewing judicial proceedings is to be determined by the exercise of sound judicial discretion. This was the rule at common law and is the rule under the code. (4 Cal. Jur. 1061.) In *Donovan* v. *Board of Police Commrs.*, 32 Cal. App. 392 [163 Pac. 69], the court said: "However, the court to whom the petition is addressed may, it seems, in the exercise of its discretion, and for the purpose of determining whether or not, despite the irregularities complained of, injustice may be done by the issuance of the writ, resort to evidence from without the record sought to be reviewed (citing cases) ; . . . "

The petitioner contends that, "An answer to the petition for a writ of review is irregular, and should be stricken on motion," citing *Stumpf* v. *Board of Supervisors*, 131 Cal. 364 [63 Pac. 663, 82 Am. St. Rep. 350]. What was said in the Stumpf case, *supra,* was said with reference only to the actual or final hearing on the writ of review and not at all with reference to the first phase of the proceeding, the determination of whether a writ of review should issue at all. "An answer in the sense usually understood in civil pleading is neither necessary nor proper on a *final* hearing in *certiorari,* for the issue ultimately involved is presented by and determined from the writ itself and the return made thereon." (*Donovan* v. *Board of Police Commrs.*, 32 Cal. App. 392, 396 163 Pac. 69].)

The legislature in adopting section 1069 of the Code of Civil Procedure, which provides that "the court may require a notice of the application to be given to the adverse party", clearly contemplated that the adverse party, having been given notice of the application, would make some showing before the court why the writ should not issue, such as the filing of the answer. We hold that the contention of the petitioner that the rule is unconstitutional and illegal is without merit, and as the answer discloses that the writ should not issue, the issuance of a writ is denied.

Motion denied; writ denied.

Wood, J., and McComb, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1939.