THOMAS G. WHITE & others—selectmen of Dresden, petitioners for injunction *vs.* COUNTY COMMISSIONERS of Lincoln county.

Lincoln. Opinion November 4, 1879.

*Way—location of. Injunction. Certiorari.*

The writ of certiorari is the appropriate remedy for parties aggrieved by the doings of county commissioners in relation to highways and town ways.

The writ is not one of right, but grantable only on petition and at the discretion of the court.

Upon the hearing of the petition the court receives evidence aliunde the record and will not grant the writ if satisfied that defects of jurisdiction apparent on the record do not in fact exist.

When the writ has issued and the record is before the court, no evidence extraneous thereto is receivable; and when the record shows a defect or want of jurisdiction, proceedings will be quashed.

A bill in equity is not the proper process to bring the proceedings of selectmen of towns, city councils, or county commissioners in laying out streets and ways before this court to obtain a decision whether they have been legal and in conformity with law, and if defective to enjoin further proceedings.

The case is presented to the law court, on the following papers —under R. S., c. 77, § 13.

PETITION FOR INJUNCTION.

"To the Honorable Justices, etc.

Thomas G. White, Andrew J. Reed and Charles E. Allen all of Dresden in the county of Lincoln, selectmen of said town of Dresden in behalf of the inhabitants of said town, and in behalf of themselves, respectfully petitioning represent to this honorable court :

That the county commissioners of the county of Lincoln, at a meeting held by them at Dresden in said county on the sixteenth day of August, A. D., 1872, without lawful authority and having no jurisdiction in the premises, upon the petition of Knowles Gahan and others proceeded to lay out, and did lay out a town way wholly within the boundaries of the said town of Dresden, described as follows, to wit :   .   .   .

That said commissioners made report and return of said laying out at the September term of said court, A. D., 1872, whereupon the same was continued to the December term of said court 1872, when said report was ordered to be recorded; all of which more fully appears by the record of the proceedings of said commissioners in the premises, a duly certified copy of which is herewith filed marked "A."

That the proceedings of said county commissioners were not according to the provisions of the statutes of this state for laying out, locating and establishing town ways, and that said county commissioners had no jurisdiction over said way—or authority in law to proceed to lay out and establish said town way as it appears by said record they undertook to do, for the following reasons, among others, viz.:

*First.* Because said county commissioners had no original jurisdiction of the matters embraced in the petition of said Knowles Gahan and others, and no authority in law to act thereon.

*Second.* Because it is not alleged in said petition of Knowles Gahan and others, nor is it set forth in the record of said commissioners that said Knowles Gahan, or any of the signers of said petition were inhabitants of the said town of Dresden, or that they, or any inhabitant of said town had petitioned the municipal officers of said town at any time before the filing or presentation of said petition to said county commissioners to lay out said way ; and because it does not appear in said petition nor in said record, that said municipal officers of said town of Dresden had unreasonably neglected or refused to lay out said way on petition of any inhabitant of said town.

*Third.* Because it is not stated in said petition of said Gahan and others, and does not appear in said record that the said original petitioners presented said petition to said county commissioners at a regular session thereof, within one year after the municipal officers of said town of Dresden had unreasonably neglected or refused to lay out said way ; nor that said municipal officers had unreasonably neglected or refused to lay out said way within one year prior to the time of the filing, or presentation of said petition.

*Fourth.* Because it does not appear in said original petition, or by said record, that any petition or application for the laying out of said way was made in writing to the municipal officers of said town of Dresden.

*Fifth.* Because the municipal officers of said town of Dresden had not in fact neglected or refused to lay out said town way, on petition of any of the inhabitants of said town, or on application of any of the original petitioners to said county commissioners, within one year preceding the presentation of said petition to said county commissioners by said Knowles Gahan and others.

That Robert Montgomery, David Chamberlain and Charles M. Davis, county commissioners for the county of Lincoln for the time being, at a court held by them at Wiscasset, in said county, on the first Monday of September, A. D., 1877, without jurisdic-

tion in the premises and without any lawful authority therefor, and against the protestations of your petitioners, upon the application of Knowles Gahan and others, ordered that Knowles Gahan of said Dresden be appointed agent to cause the town way thus unlawfully attempted to be laid out and established by the county commissioners of said county as is hereinbefore set forth, to be opened and made passable ; and that when said Gahan shall have made a contract therefor, and filed a copy thereof in the clerk's office, the clerk shall certify to the assessors of said Dresden the time when the contract is to be completed, and the amount to be paid therefor, as more fully appears by a certified copy of said order herewith filed marked "B."

That they are informed and believe that said Knowles Gahan has made a contract with one Elbridge McFadden of said Dresden to open and make said road passable, and that said McFadden is now about to proceed to open, make and build said road, and that he threatens to do so forthwith.

That the inhabitants of said town of Dresden are in danger of suffering great wrong and irreparable injury, by means of the premises ; that they are without any adequate remedy by any common or ordinary process of law :—

To the end, therefore, that the said Knowles Gahan may be perpetually enjoined from any further proceedings under the said order of said county commissioners, and that the said Gahan his servants and agents, and especially the said Elbridge McFadden may be restrained from opening and making said town way, and that said commissioners may be prohibited from issuing any warrant of distress against said town, for money expended by said agent, your petitioners pray, that a writ of injunction" etc.

RECORD OF COUNTY COMMISSIONERS.

At a meeting of the county commissioners begun and holden at Wiscasset, within and for the county of Lincoln, on the last Monday of December, being the thirtieth day of said month, A. D., 1872.

No. 16.    Gahan and als., for town way in Dresden.

Knowles Gahan and others, inhabitants of Lincoln county, by their petition respectfully represent, that a town way in the town

of Dresden, (county aforesaid,) from a point near the dwelling house of James H. Mayers on the east side of the river road leading from Dresden upper bridge to Bath to a point on the road known as the back road between the foot of the sand hill (so called) and the house of David Robbins, would be of great public convenience ; that the selectmen of Dresden aforesaid, have unreasonably refused to lay out said way.

Wherefore your petitioners considering themselves aggrieved by such refusal, pray that your Honors would, agreeably to law in such cases made and provided, after due proceedings had, approve and lay out the said town way, and cause the same to be duly recorded and built. Dated at Dresden, Maine, March, 1872.

This petition was presented at May term, 1872, at an adjourned session thereof held on the second day of July, A. D., 1872, when notice was duly ordered.

Pursuant to the petition and notice thereon, the county commissioners of Lincoln county, met the parties at the time and place designated in said notice, and it appearing that all the notices had been legally served and published, we the said commissioners then proceeded with the parties to view the route prayed for and at a convenient place in the vicinity, heard said parties and their witnesses, and after a full hearing of all the facts, testimony and arguments by them presented, do adjudge and determine that the prayer of the petitioners should be granted ; and in accordance with the foregoing adjudication we the said commissioners proceeded to lay out and establish a public town way as follows, etc.

Given under our hands this 2d day of September, A. D. 1872.

Which report was accepted.

The same was then continued to the present term, and now no petitions for increase of damages being presented or pending the proceedings under the said petition are this day (being the thirty-first day of December, 1872) closed, and it is ordered that the costs arising on the said proceedings which are taxed at the sum of $34.81 be paid by the said town of Dresden into the treasury of the county of Lincoln in three months from this date and that

the said proceedings be recorded by the clerk of this court and by the town clerk of said town of Dresden.

Certified to town clerk February 8, 1873.

AMENDMENT OF RECORD.

At a meeting of the county commissioners held at Wiscasset within and for the county of Lincoln on the last Monday of December, being the twenty-eighth day of said month, A. D., 1874.

*Ordered* : That the records of this court, upon the petition of Knowles Gahan and others, for the laying out of a town way, in the town of Dresden, commencing at a point near the dwelling house of James H. Mayers, on the east side of the river road leading from Dresden upper bridge to Bath, to a point on the road known as the "back" road, between the foot of the sand hill (so-called) and the house of David Robbins, which was presented at the May term, 1872, at an adjourned session thereof held on the second day of July, 1872, and upon which the report of the commissioners was made at September term, 1872, all of which is recorded in the records of the county commissioners' court, volume nine, page five hundred twenty-eight to five hundred thirty, inclusive, be amended in accordance with the facts found by the said commissioners upon the hearing of said petition, as set forth in the petition of said commissioners, presented to the supreme judicial court, at the October term, 1874, viz: by inserting in said record, on page five hundred and twenty-nine, after the words, "by them presented," in the fifteenth line thereof, the words following, to wit: "do adjudicate and determine that the selectmen of said town of Dresden, did unreasonably neglect and refuse to lay out said town way, as set forth in the petition of said Gahan and others, and in consequence of the above adjudication."

SEPTEMBER TERM, 1877.   COUNTY COMMISSIONERS' COURT.

*Knowles Gahan et als., Petitioners for Agent to Build Town Way in Dresden.*

Notice ordered returnable August 7, 1877.   Adjourned session June 24, 1877.   Heard and continued for advisement.   Adjourned session, August 7, 1877. Prayer granted, and ordered that Knowles Gahan of Dresden be and hereby is appointed agent to cause the

said town way to be opened and made passable. And when said agent shall have made a contract therefor and filed a copy thereof in the clerk's office, the clerk shall certify to the assessors of Dresden the time when the contract is to be completed, and the amount to be paid therefor.

GEORGE B. SAWYER, *Clerk.*

Injunction granted December 28, 1877, and motion to dissolve the same made October term, 1877.

*A. P. Gould,* for the petitioners, contended, *inter alia,* that the commissioners had no jurisdiction. A petition for the laying out of a town way must state clearly, distinctly and directly all such facts as are necessary to give them jurisdiction.

I. *Goodwin* v. *Commissioners,* 60 Maine, 328-330. *Bethel* v. *Same,* 42 Maine, 478-480. *Scarboro'* v. *Same,* 41 Maine, 604-606. *Fairfield* v. *Same,* 66 Maine, 385-387. *Small* v. *Pennell,* 31 Maine, 267. R. S., c. 18, § 23.

II. To confer jurisdiction in cases like this it must appear, 1st, That some inhabitant of the town had applied to the municipal officers to lay out the way. 2d, That they had unreasonably refused to lay it out within one year from date of the application to the commissioners. 3d, That the same inhabitant thus petitioning the selectmen was the petitioner to the commissioners. R. S., c. 18, §§ 18, 23. *Small* v. *Pennell, supra.* Pownal, pets. 8 Maine, 271. *State* v. *Pownal,* 10 Maine, 24. *Brown* v. *Com.* 12 Met., 208.

III. The proceedings of the county commissioners being void for want of jurisdiction, no writ of certiorari is necessary to set them aside. But in view of their action in appointing an agent to open the road and the provision of R. S., c. 18, § 28, this writ should issue to prevent wrong. The motion to dissolve the injunction is general, denies none of the facts alleged in the petition, and there is express authority for this proceeding. *Harriman* v. *Co. Com.,* 53 Maine, 83-87. R. S., c. 77, § 4. High. on Injunc. § 801. *Mohawk* v. *Artcher,* 6 Paige, 83.

IV. Although neither the petition to the commissioners, nor their record, exhibits the necessary jurisdictional facts, still their existence might be proved *aliunde.* Here the pleadings show they had no existence in fact.

*W. H. Hilton,* (county attorney) for the respondents.

APPLETON, C. J. This is a bill in equity in and by which the complainants, selectmen of Dresden and acting in behalf of said town, seek to enjoin and prohibit the respondents, county commissioners of Lincoln county, "from issuing any warrant of distress" against the town of Dresden to collect money expended or to be expended in making a certain road particularly described therein, being a town road in said town. The ground upon which an injunction is claimed is that the county commissioners had no jurisdiction over the subject matter of their action and that their proceedings are null and void.

By R. S., c. 18, § 23, "When the municipal officers unreasonably neglect or refuse to lay out or alter a town way or private way on petition of an inhabitant, or of an owner of land therein, for a way leading from such land under improvement to a town or highway," the petitioners may, within one year thereafter, present a petition stating the facts to the commissioners of the county at a regular session, who are to give notice thereof to all interested and act thereon as is provided respecting highways. When their decision is returned and recorded parties interested have the same right to appeal to the supreme judicial court and also to have their damages estimated by a committee or jury, as is provided in this chapter respecting highways.

The proceedings to which the bill relates are under § 23.

Assuming that there are very grave defects in the records produced—defects so important that on appeal or certiorari, the proceedings would be quashed, the question at once arises whether this is the proper process by which to procure such results. In other words, whether if this bill be not sustained, the inhabitants of Dresden "are in danger of suffering great wrong and irreparable injury" and that "they are without any adequate remedy by any common or ordinary process of law," as the bill alleges.

1. The statute gives to any party aggrieved by the doings of the county commissioners the right of appeal to the supreme judicial court. The record shows that due notice was given of the time and place of the meeting of the county commissioners "that all persons interested might then and there appear and show cause,

(if any they had) why the prayer of the said petitioners should not be granted." The record then shows that "the county commissioners of Lincoln county met the parties at the time and place designated in said notice, and it appearing "that all the notices had been legally served and published" they "then proceeded with the parties to view the route prayed for and at a convenient place in the vicinity, heard said parties and their witnesses, and after a full hearing of all the facts, testimony and arguments by them presented," adjudged and determined "that the prayer of the petitioners should be granted" and on December 31, 1872, the proceedings were closed.

These complainants represent one of the parties interested. They appeared before the county commissioners. They contested the laying out of the town road in question. They were beaten. They had the right of appeal. If there were jurisdictional defects, they would be open on appeal—and the proceedings would have been quashed had they been shown to exist. Instead of appealing these complainants remained quiescent until October 1877, when this bill was filed.

2. If the complainants neglected to appeal, still after the final close of proceedings, they had another remedy by certiorari. If there are important irregularities in the location of a road or in the assessment of taxes to build it, they can only be taken advantage of by certiorari. *Longfellow* v. *Quimby*, 29 Maine, 196. Banks & als., appellants, 29 Maine, 288. When the county commissioners have rendered a judgment in a matter over which they have no jurisdiction, this court will none the less grant the writ of certiorari, even though no injustice has been done, the wrong in such case consisting in the assumption and exercise of an authority not granted. *Bangor* v. *County Commissioners*, 30 Maine, 270. *Levant* v. *County Commissioners*, 67 Maine, 430. Whatever and however great the jurisdictional defects apparent of record, they may all be taken advantage of by this process and by this alone. *Goodwin* v. *Hallowell*, 12 Maine, 271.

It is apparent therefore that these complainants had ample remedies by the common and ordinary processes of law without resorting to a court of equity for relief.

The validity of the doings of the county commissioners have been once before the court on petition for a writ of certiorari, and the decision then made must be deemed conclusive. If the questions relating to jurisdiction which are now presented were not raised it was the fault of these petitioners. *Dresden* v. *County Commissioners*, 62 Maine, 365. The objections now raised should have then been presented for adjudication. It is gross laches, that these complainants neglected to avail themselves of them in the incipient stages of the proceedings. If no other reasons existed for non-interference this would suffice.

3. When the writ issues, the court can act only on the record as produced. No evidence *aliunde* is receivable. The record is conclusive, and if error exists the proceedings are quashed.

But the writ of certiorari is not of right. It is a writ grantable only at the sound discretion of the court. The petitioner must show that injustice has been done. It is not every error that will induce the court to permit the writ to issue. Upon the hearing of the petition for the writ evidence from without the record will be received to enable the court to determine upon the propriety of its issuing. Thus in *State* v. *Pownal*, 10 Maine, 24, the record being before the court, and it nowhere appearing that the selectmen of Pownal had unreasonably delayed or refused to lay out the road in question, the proceedings were quashed for this want of jurisdiction apparent of record. But upon petition, although the record fails to show that the selectmen unreasonably neglected or refused to lay out the road in question yet evidence will be received to prove that the county commissioners found the existence of this essential jurisdictional fact and they will be authorized to amend their record accordingly. *Dresden* v. *County Commissioners*, 62 Maine, 365. One of the grounds of complaint set forth in the complainant's bill as negativing the jurisdiction of the county commissioners is the failure to state "that they (the selectmen of Dresden) had unreasonably refused to lay it (the road) out within one year from the date of the application to the county commissioners." "But upon the hearing on the petition, evidence will be received to show that the application was made within one year as required by the statute and in that case the

writ for that cause will be denied." West Bath, petrs., 36 Maine, 75. Another objection taken is that it does not appear of record "that some inhabitant of the town had applied to the municipal officers thereof, by petition to lay out the way." If the petitioners in fact were inhabitants and that fact was shown on the petition, it would be a good ground for refusing to grant the writ. Indeed, "the want of the formal allegation of it in the petition to the commissioners could not be deemed fatal to the proceedings," remarks Barrows, J., in *Hebron* v. *County Commissioners*, 63 Maine, 314. So the court will receive evidence to show that expenditures have been made, with the knowledge of the petitioners and in such case the writ in the exercise of discretion will not be granted. *Noyes* v. *Springfield*, 116 Mass. 87.

Without a further or more extended examination of the authorities it is manifest that the writ of certiorari will be denied, when it is shown on hearing of the petition for the writ that defects relating to the jurisdiction and which are apparent of record do not in fact exist and that evidence *aliunde* the record is receivable for that purpose as well as to show that injustice would follow the issuing of the writ.

4. But if a bill in equity is a process by which proceedings in road cases may be quashed, as the court can only act on the record it may quash proceedings when upon petition for certiorari, it would in the exercise of judicial discretion deny the issuing of the writ. Hence the conclusion of Shepley, C. J., in *Baldwin* v. *Bangor*, 36 Maine, 522. "A bill in equity," he remarks, "is not the proper process to bring the proceedings of selectmen of towns, city councils or county commissioners, in laying out ways or streets, before this court to obtain a decision, whether they have been in all respects correct, formal, and in conformity to law. To entertain a bill for such a purpose would make a precedent for the transfer from this court, acting as a court of common law, of the purposes entrusted to it as the superintendent of all inferior tribunals, to be exercised by writs of error, certiorari or mandamus, or other proper process to the equity side of the court, to be exercised through the channel of a bill in equity." So in *Fiske* v. *Springfield*, 116 Mass. 88, it was held that the validity of an

order of a city council, for the alteration of a highway and the payment of damages thereby could only be impeached directly by petition for a writ of certiorari and not collaterally by petition in equity to restrain the appropriation and payment of money under it.

5. The learned counsel for the complainants relies upon the case of *Harriman* v. *County Commissioners* of Waldo county, 53 Maine, 83, as an authority to sanction the maintenance of this bill. That was a writ of prohibition and mandamus. In that case a judgment had been rendered in this court upon the report of a committee appointed in case of an appeal from the decision of the county commissioners. The committee refused to lay out and establish the road prayed for. Notwithstanding their report was accepted and duly certified to the commissioners, they not only refused to carry the judgment of this court into effect, but in direct disobedience of its decree proceeded to appoint an agent to open the way they had laid out. They were enjoined by the court. But their action was a flagrant violation of law. This court has the power to issue writs of error, mandamus, prohibition, etc., by R. S., c. 77, § 4, for the furtherance of justice or "the execution of the laws." The writ was issued by this court to compel obedience to its decrees, but it is no authority whatever for a bill like the one before us.

*Injunction dissolved.*

BARROWS, DANFORTH, PETERS, LIBBEY and SYMONDS, JJ., concurred.