STATE ex rel. EDWARD T. YOUNG v. O. A. LADEEN and Others.[1]

May 15, 1908.

Nos. 15,574—(20).

**Oath of Office.**

An oath of office in the language of Const. § 8, art. 5, taken by a person who has been elected to public office, with reference to the duties of the same and for the purpose of qualifying the person so elected to enter upon the discharge thereof, filed in the proper office, is valid and sufficient, even though the particular office be not specially designated therein.

[1] Reported in 116 N. W. 486.

**Resignation of Office.**

To constitute a complete and operative resignation of public office, there must be an intention to relinquish a part of the term, accompanied by the act of relinquishment.

**Same—Evidence.**

A written resignation delivered to the board or officer authorized to receive it and to fill the vacancy thereby created is prima facie, but not conclusive, evidence of an intention to relinquish the office.

**Same—Duress.**

A resignation of public office procured by coercion and duress is voidable, and may be repudiated; and a refusal immediately subsequent to the resignation to surrender the office is a sufficient repudiation.

Proceedings in quo warranto in this court, brought by the attorney general to determine who shall constitute the lawful school board of a certain school district. Evidence was taken before a referee, and the controversy was submitted for determination. Judgment for relator.

*E. T. Young,* Attorney General, *C. S. Jelley,* Assistant Attorney General, *Geo. W. Peterson,* Assistant Attorney General, and *E. L. McMillan,* for relator.

*Stewart & Brower,* for respondents.

BROWN, J.

Proceedings in quo warranto instituted in this court on the information of the attorney general to determine the right of respondents to hold and exercise the offices of chairman, clerk, and treasurer of school district No. 17, in Mille Lacs county. Evidence was taken before a referee appointed for the purpose, and, upon his report and the pleadings, the controversy was submitted for determination. The offices of clerk and treasurer only are in dispute. It is conceded that Gilbert Wilkes is the duly qualified and acting chairman of the board. Respondent Sandberg, who, the information alleges, claimed to be the chairman, now makes no claim to the office. We have for determination, then, (1) whether respondent Ladeen is the duly qualified clerk; and (2) whether respondent Brant is the duly qualified treasurer of the district.

1. Ladeen was elected to the office of clerk at the annual election in 1904 for the term of three years, and he duly qualified and entered upon the discharge of the duties of the office. His term expired in

July, 1907, at which time, at the annual school election of that year, Charles L. Freer was elected his successor. There is no controversy about these facts. The only question as between Ladeen and Freer is whether the latter ever properly qualified subsequent to his election. If he did, his right to the office is conceded. So the sole question is whether Freer did so qualify. The evidence upon this question is somewhat conflicting, but a full consideration thereof leads to the conclusion that he did soon after his election duly qualify as clerk in the manner prescribed by law.

He testified that he took and subscribed the oath of office required by statute, and filed the same with Ladeen, who was then clerk. That he took the oath is corroborated by the justice of the peace before whom it was taken, and, while Ladeen denies that it was ever filed with him, we conclude that he is mistaken, and that it was properly filed in his office. In reaching this conclusion we do not consider the declaration of Freer to the effect that he had filed his oath of office or was about to, which respondent insists was incompetent evidence. The oath of office so taken and filed was in the form prescribed by the state superintendent of public instruction, as follows:

Form of oath to be administered to school district officers upon qualifying.

I do solemnly swear that I will support the Constitution of the United States, the Constitution of the state of Minnesota, and faithfully discharge the duties of my office to the best of my judgment and ability. So help me God.                          Chas. L. Freer.

Subscribed and sworn to before me the 22d day of July, 1907.

T. E. Potts,
Justice of the Peace.

It is insisted that this oath was wholly insufficient and ineffectual as a qualification of Freer, because it did not name the office the duties of which he swore faithfully to perform. The objection is not well taken. The oath is in the language prescribed by statute and the constitution (section 8, art 5, Const.; section 2677, R. L. 1905), and was taken and filed with reference to the office of clerk to which he had been elected and under which he asserts the right to assume the duties thereof. Though the office might well have been designated,

it is clear that it obligated Freer faithfully to discharge the duties of clerk, with reference to which it was taken, and for a violation thereof he would not be heard to say that he was not bound by the oath, because the particular office was not expressly mentioned.

2. Respondent Brant was duly elected treasurer of the district at the annual election in 1905, and he duly qualified, and has since continued in the discharge of the duties of the office. His term expires in July of the present year. It is claimed by the relator that he resigned his office in August, 1907, and that H. G. Booth was duly appointed to fill the vacancy thus created. Booth qualified, and now claims the office. The only question on this branch of the case is whether Brant ever intentionally and of his own free will resigned the office. That he signed what purported to be his voluntary resignation is not questioned, but it is urged in his behalf that it was forced from him by duress and coercion, that it was not his voluntary act, and consequently was of no force or effect. We sustain this contention.

To constitute a complete and operative resignation of a public office there must be an intention to relinquish a part of the term, accompanied by the act of relinquishment. Biddle v. Willard, 10 Ind. 62. A written resignation delivered to the board or officer authorized to receive it and to fill the vacancy created thereby would be prima facie evidence of an intention to relinquish the office, but it is not conclusive. A resignation obtained by coercion or fraud, if not void, is at least voidable, and may be repudiated. People v. Voorhis, 66 Hun, 88, 20 N. Y. Supp. 941. Coercion or duress exists where one is by the unlawful conduct of another induced to do or perform some act under circumstances which deprive him of the exercise of his free will. 7 Cyc. 270.

The evidence in this case sufficiently establishes the fact that Brant was wrongfully and unlawfully induced to sign a prepared resignation, and in doing so he did not exercise his free will nor intend by the act to relinquish or give up the office. It appears from the record that for two or three years past there has been considerable wrangling and ill feeling between different factions in this school district, that Brant belonged to one faction, and Wilkes and Freer, the chairman and clerk of the board, to another. It is evident that these two

members were anxious to get Brant out of office, for what purpose it is unnecessary to inquire. Brant testified that they, who had power to fill a vacancy in the office of treasurer, threatened him with personal violence if he did not resign, charged him with embezzling the funds of the district, and intimated to him that his farm would be taken to cover his shortage if he did not give up the office. These threats and insinuations were offered at different times, but particularly at a meeting of the board called by those two members for the announced purpose of considering the matter of employing a teacher, and which Brant attended for that purpose. But, if Brant's testimony is to be believed, the real purpose of the meeting was to intimidate Brant and secure his resignation. Brant further testified that he was frightened by the threats against him and signed the resignation under the influence thereof, but did not intend to relinquish his right to the office. He is corroborated in this by his subsequent conduct in refusing to surrender the office and books and papers pertaining thereto to Booth, who was appointed treasurer immediately after the resignation was signed. All this testimony is contradicted by the other members of the board, who insist that the only reason they suggested the resignation of Brant was that in their opinion his bond was insufficient, and he had refused to execute a new one. We have read the evidence carefully and are impressed with the entire honesty of Brant, and are satisfied that, whether the other members so intended or not, he was intimidated and coerced into signing his resignation, and did so only to avoid what seemed to him impending harm. Such being the case, the resignation was at least voidable, and Brant's conduct in at all times since insisting on his right to remain in the office, and his refusal to turn over the books and papers to Booth, was a sufficient repudiation thereof.

Our conclusion, therefore, is that Gilbert Wilkes is chairman, Charles L. Freer is clerk, and Charles Brant is treasurer of the school district in question, and that Ladeen should be ousted from the office of clerk. Let judgment be entered accordingly.