[Civ. No. 2276.    First Appellate District, Division One.—January 20, 1919.]

JOHN H. KRAMER, Respondent, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

MUNICIPAL CORPORATIONS — PUBLIC OFFICER — RESIGNATION OF POLICE OFFICER OF SAN FRANCISCO—LACK OF DURESS OR COERCION.—Where a San Francisco police officer, acting upon the suggestion of the board of police commissioners applied for and obtained leave of absence for three months without pay, for the purpose of engaging temporarily in business, and thus working a temporary reduction in the cost of maintaining the department during the critical period following the earthquake and fire, upon the assurance that the board, on application, would extend the time for one year further, and before the year expired he was recalled to duty, under the alternative of either returning or resigning, but being unable to return to duty, owing to inability to dispose of the business in which he had engaged, he resigned, such resignation was not induced by duress or coercion, but was voluntary and worked a final severance of his relations as a police officer with the department.

ID.—DURESS AND COERCION—UNLAWFUL ACTION NECESSARY.—Under the definition of duress in sections 1569 and 1570 of our Civil Code, and under the long-accepted definitions of the terms "duress" and "coercion," in order for the action of the board of police commissioners, in presenting to such police officer the alternative of either resigning or returning to his post of duty to have savored of duress or coercion, such action must have been unlawful.

ID.—MANDAMUS—REINSTATEMENT OF POLICE OFFICER—LACHES.—Where such police officer sought reinstatement by *mandamus*, and his petition showed delays of nearly five years on his part in moving the police department to have his resignation set aside, his remedy was barred by laches.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Jas. M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Milton Marks, Assistant City Attorney, for Appellants.

Edward Lande and Harry Gottesfeld for Respondent.

RICHARDS, J.—This is an appeal from a judgment directing the issuance of a writ of mandate requiring the defendants to reinstate the plaintiff and respondent herein as a police officer.   The judgment followed an order overruling the defendant's demurrer to the plaintiff's amended petition for such writ, the defendants declining to answer.

The facts, as presented in the plaintiff's petition, are as follows: Prior to the month of August, 1906, the plaintiff was a regularly appointed and acting police officer of the city and county of San Francisco, but in that month, owing to conditions created by the earthquake and fire of that year, the board of police commissioners of said city and county suggested to certain members of the police department, the plaintiff being among the number, that they apply for leave of absence from the department without pay for the purpose of engaging temporarily in business, the object of this suggestion being to work a temporary reduction in the cost of maintaining the police department during the critical period following the earthquake and fire.   Acting upon this suggestion, the plaintiff applied for a leave of absence for three months, which was granted him, and it was thereupon stated and represented to him that if he should engage in business and apply for additional leave of absence the said board of police commissioners would extend his leave for the further time of one year.   The plaintiff thereupon purchased a business, paying therefor and for a stock of merchandise therein, a sum totaling two thousand three hundred dollars, and then engaged in said business.   Within the period of the plaintiff's three months' leave of absence, however, the board of police commissioners, through its acting president, directed the chief of police to forthwith order back to duty all police officers

then absent on leaves of absence, and accordingly, and within the period of his three months' leave of absence, the plaintiff was ordered to return to duty forthwith. This order the plaintiff was unable to comply with without abandoning and neglecting his said business and losing the money he had invested therein, and he so informed the said chief of police, whereupon he was granted a suspension of the order for a time, during which he diligently attempted to dispose of his business, but was unable to do so. Shortly before January 1, 1907, the plaintiff was ordered by the chief of police, acting under the instruction of the police commissioners, to return to duty as a police officer on or before January 1, 1907, or resign from the police department. The plaintiff, protesting against this order on December, 31, 1906, presented his resignation from the police department to the board of police commissioners, which board then and there adopted an order and resolution accepting the same.

Plaintiff asserts that his course in so doing was compelled by the fact that he could not dispose of his said business at that time without suffering great and irreparable loss, and that having been induced to seek a leave of absence and to engage in business upon the assurance of the board of police commissioners that his leave of absence would be extended for an additional year in the event of his engaging in such business, his resignation was thus not voluntary but was induced by duress and coercion.

On November 27, 1908, the plaintiff applied for reinstatement as a police officer, setting forth in his application the foregoing facts. The board of police commissioners denied his said application without a hearing. On October 26, 1911, the plaintiff appeared before the board of police commissioners, and then and there demanded that his application, filed on November 27, 1908, should be heard, and that he be permitted to offer evidence in support thereof, and the said board of police commissioners did then consent to hear and did hear said application and the plaintiff's proofs in support thereof. At said hearing no proofs to the contrary were presented, but the said board of police commissioners, after hearing the plaintiff's said proofs, took the matter of his application and of his proofs supporting the same under advisement until on or about November 23, 1911, when said board denied said application upon the ground of plaintiff's laches in not de-

manding a hearing upon the same within three years from and after January 2, 1907, the date of acceptance of his resignation; and said board has ever since refused to further consider his said application on the merits, or to admit or restore plaintiff to his former position in the police department.

The trial court upon these averments ordered the writ of mandate to issue, and from such judgment or order this appeal has been taken.

The main contention of the appellants is that the respondent's resignation from the police department was not induced by duress or coercion, but was voluntary, and hence, that its acceptance severed finally the relation of the plaintiff to the police department.

We think this contention must be sustained. Conceding that upon the face of the averments of the plaintiff's petition he was treated unfairly by the action of the defendants in inducing him to believe that his leave of absence from the department would be extended for the additional period of one year, it cannot be said that the action of the board of police commissioners in recalling him to duty before this latter period had expired was unlawful in view of the large discretion reposed in such bodies in respect to the proper management and conduct of the police department. In order for the action of the board of police commissioners in presenting to the plaintiff the alternative of either resigning from or returning to his post of duty in the police department to have savored of duress or coercion, such action must have been unlawful under the long accepted definitions of these terms. (Bouvier's Law Dictionary, "Duress," "Coercion"; 14 Cyc. 1123, "Duress"; 11 C. J. 945, "Coercion.") Our Civil Code, in defining such duress or menace as will avoid an agreement embraces the element of unlawfulness in its definition of these terms. (Civ. Code, secs. 1569, 1570.)

In the case of State v. Ladeen, 104 Minn. 252, [16 L. R. A. (N. S.) 1058, 116 N. W. 486], which involved a resignation from office, it was held that the coercion or duress which would render such resignation either void or voidable, must be such as would exist where one by the unlawful conduct of another was induced to resign his office under circumstances which deprived him of his free will.

Measured by these definitions it must be concluded that the plaintiff's resignation from the police department was not induced by either duress or coercion, but that the same was voluntary, and hence, upon its acceptance by the board of police commissioners, worked a final severance of the relation of the plaintiff as a police officer with the police department of the city and county of San Francisco.

But aside from these considerations the plaintiff's petition shows upon its face other and sufficient reasons why the writ which he sought should not have issued. Assuming for the sake of argument that the plaintiff's resignation and the acceptance thereof by the board were for the reasons stated in said petition voidable, the plaintiff would have been bound, under well-settled principles, to take the necessary steps to avoid the same promptly upon the removal or cessation of the conditions out of which the duress or coercion claimed by him to have existed, arose; in other words, as soon as the plaintiff had succeeded in disposing of the business in which, according to his petition, he had been induced to engage, he should have moved to have his resignation and its acceptance set aside; and since his petition affirmatively shows that he made no move in that direction for a period of nearly two years after his resignation had been presented and accepted, his petition should have shown reasons for his delay in action for a period far beyond the utmost limit of the leave of absence which he asserts himself to have been assured. His petition, however, is entirely silent upon this subject; and is not only so in so far as his first application for reinstatement is affected, but it is further devoid of any showing as to why after the plaintiff's first application for reinstatement had been denied, without hearing, as he asserts, he waited a further period of nearly three years before applying for a hearing upon his said first application, for which further delay not only is there no reason shown in plaintiff's petition, but from the facts therein stated it affirmatively appears that whatever of duress or coercion had originally attended the presentation and acceptance of his resignation on January 2, 1907, such conditions had certainly ceased to exist when in November, 1908, he applied for reinstatement. His further delay until October, 1911, before taking any further action with relation to his application for reinstatement is utterly unexplained. The affirmative record thus made by the plaintiff's own averments

shows that a period lacking one month of being five years from the date of his alleged resignation from the police department intervened before the commencement of this proceeding, during the major portion of which time no impediment to its institution is shown to have existed. In addition to these deficiencies in the plaintiff's petition it may be further stated that no showing whatever is made that the position in the police department vacated by the plaintiff's resignation has not been long since filled, or that his reinstatement after so long a period has elapsed would not result either in ousting a successor, or in entailing the payment on the part of the municipality of two salaries for the same position. We think as to this latter point that upon the plaintiff's own affirmative showing, as well as by these deficiencies therein, he was debarred by laches from the remedy which he sought and obtained by the judgment and order for the issuance of the writ from which this appeal has been taken. (*Harby* v. *Board of Education*, 2 Cal. App. 419, [83 Pac. 1081]; *Donovan* v. *Board of Police Commissioners*, 32 Cal. App. 392, [163 Pac. 69].)

Judgment reversed.

Waste, P. J., and Kerrigan, J., concurred.