The point to be determined upon this appeal is the time within which to apply for a certiorari order to review a final order of the public service commission directing a railroad company to make repairs.
On November 23, 1922, the public service commission of the state of New York made its order in the matter entitled "In the Matter of the Complaint of the Town Board and Board of Highway Superintendents of the Town of West Seneca, Erie County, against the New York Central Railroad Company as to repair of roadways and sidewalks on portions of approaches to the Clinton Street and Mineral Spring Road overhead bridges of said company's railroad in said town."
This order directed the New York Central Company to maintain and keep in repair the bridge and approaches thereto and the roadway and sidewalks thereon carrying *Page 134 
Clinton street over its railroad yards in the town of West Seneca, Erie county, within the limits of its property. The same direction was given regarding the bridge carrying the Mineral Spring road over the tracks in the said town. The company was also required to begin work within thirty days and to complete all the repairs with due diligence.
This order was served on the petitioner December 6, 1922.
"On January 3rd, 1923, and within the time provided by the rules of the Public Service Commission (Rule III, subd. 7), application was made to the commission for a rehearing as expressly authorized by section 22 of the Public Service Commission Law."
On January 4th, 1923, the public service commission made an order denying the rehearing.
On April 23, 1923, a certiorari order was granted ex parte at a Special Term of the Supreme Court, Albany county, which on April 26, 1923, was vacated ex parte.
The appellant made a motion to set aside this ex parte order of April 26, 1923, and to reinstate the order of certiorari. Its application was denied May 26, 1923, and the appeal is from this order which has been affirmed by the Appellate Division, one of the justices dissenting. The application for an order of certiorari has been denied upon the ground that it was not applied for in time. The question is as to the date from which the four months within which to make the application is to run. Does it begin with November 23, 1922, or with January 4, 1923? The order of certiorari was applied for April 23, 1923. If the four months begin to run with the earlier date the denial of this application was proper. If, however, the later date is controlling, the application was in time, and should have been granted.
The statutes and law upon this subject are as follows:
Section 1288 of the Civil Practice Act reads: "Subject to the provisions of the next section, a certiorari order *Page 135 
to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact."
Section 1286 contains a limitation. It reads: "Except as otherwise expressly prescribed by statute, a certiorari order cannot be granted in either of the following cases:
"(3) Where the body or officer making the determination is expressly authorized, by statute to rehear the matter upon the petitioner's application; unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed."
The decision of this case turns upon the meaning of the words in section 1288, "after the determination to be reviewed becomes final and binding." The determination or judgment of a court may become final and binding, for the purpose of being obeyed, carried out and executed without being final and binding for the purposes of review. Two processes in law may go on at the same time; one to carry out the judgment directed by the court, the other to review that judgment for the purpose of reversing it or setting it aside. The one process does not have to wait upon the other. Thus, a judgment to recover money may be final to the extent that execution may be issued against the judgment debtor and the money collected, while at the same time the judgment debtor may appeal from the judgment and perhaps ultimately reverse it. So, also, a judgment of conviction in a criminal case may be carried out and the defendant imprisoned, while at the same time he may be carrying through the courts his appeal, and finally succeed in setting the judgment aside. In other words, the fact that a judgment is final for the purpose of its present execution does not necessarily make it final for the purposes of appeal. The right to appeal depends entirely upon statute and the time *Page 136 
within which to take the appeal is a matter of legislative expression and intent. In this case, therefore, the order of November 23, 1922, was final and to be carried out and executed as directed by the public service commission. The review of it, however, on appeal was another matter. This depended entirely upon the law as expressed in these two sections, 1288 and 1286 of the Civil Practice Act above referred to. As section 1288 gave the railroad company four calendar months within which to apply for the order of certiorari, it must be that the appellant had four months during which it was possible to apply for the writ. The words, "after the determination to be reviewed becomes final and binding," must mean "final and binding for the purposes of review or for the purpose of being reviewed, or for the purpose of obtaining an order of certiorari." Section 1286 in effect enacts as above quoted that the certiorari order cannot be granted where the public service commission is expressly authorized to rehear the matter upon the petitioner's application. The Public Service Commission Law (Cons. Laws, ch. 48), section 22, gives such a right to grant a rehearing. It reads:
"After an order has been made by a commission any corporation or person interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such a rehearing if in its judgment sufficient reason therefor be made to appear; if a rehearing shall be granted, the same shall be determined by the commission within thirty days after the same shall be finally submitted."
An order of certiorari could not have been obtained for a review of the order of November 23, 1922, until the defendant had made application to the public service commission for a rehearing, and this rehearing had been denied. (Civil Practice Act, sec. 1286; Carmody's New York Practice, secs. 1007 and 1008;People ex rel. Noble v. Board of Commissioners of Pilots, 37 Barb. 126; People *Page 137 ex rel. Goodwin v. Voorhis, 66 Hun, 88; People ex rel.Uvalde A.P. Co. v. Seaman, 217 N.Y. 70; People ex rel. N.Y.C. H.R.R.R. Co. v. P.S. Com., 195 N.Y. 157; Citizens Bank ofMichigan City v. Opperman, 249 U.S. 448; Andrews v.Virginian Ry. Co., 248 U.S. 272.)
It could never have been the intention of the legislature to limit the time within which to procure an order to review a determination to four months when the party by law could not obtain within the four months or any part thereof, such an order. The legislature would be granting a privilege by one provision which it immediately took away by another. The meaning of section 1288 is this: A certiorari order to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding for the purpose of being reviewed, or final and binding so that it can be reviewed. We do not legislate by adding these words, for the implication is quite clear. Without giving to the section such a meaning it becomes valueless as a right or a privilege to appeal in many instances, in fact in nearly all instances where a body making the determination also has a right to grant a rehearing.
The cases cited in opposition to this construction either take too narrow a view of this right of appeal or else the facts of the cases do not make them applicable here. Thus, in City ofBuffalo v. Buffalo Gas Co. (82 Misc. Rep. 304, 307; affd.,160 App. Div. 914) the application for a rehearing had not been made until after the expiration of the four months in which to apply for the order of certiorari. This clearly was an unreasonable time within which to ask for a rehearing, and the writ could well have been refused upon this ground, and no doubt was.
The four months specified in section 1288 of the Civil Practice Act, therefore, begin to run from January 4, 1923, the date when the public service commission denied a rehearing. The application for the certiorari order *Page 138 
was in time so that the orders appealed from must be reversed and the motion to vacate the ex parte order of April 26, 1923, setting aside the order of certiorari must be and is granted, with costs in all courts.
HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.
Orders reversed, etc.