In the Matter of the Application of GEORGE GABLE, the Trustee of School District No. 9 of the Town of Varick, Seneca County, Petitioner, for a Certiorari Order against FRANK B. GILBERT, Acting Commissioner of Education of the State of New York, Respondent.

Supreme Court, Albany County, November, 1925.

**Schools — designation by district school of academic school pursuant to Education Law, § 493, subd. 6 — certiorari to review determination of Commissioner of Education modifying designation — certiorari must be granted and served under Civil Practice Act, § 1288, within four months from date of Commissioner's determination.**

A certiorari order to review the determination of the Commissioner of Education modifying a designation by a district school of an academic school at which the pupils may attend at the expense of the district, which designation was made

pursuant to subdivision 6 of section 493 of the Education Law, must be granted and served within four months of the date of the determination as required by section 1288 of the Civil Practice Act, and not four months from the opening of the school year following the determination by the Commissioner.

Certiorari proceeding to review a determination of the Acting Commissioner of Education.

*Frank G. Gould,* for the petitioner.

*Frank B. Gilbert* in person [*Irwin Esmond* of counsel], for the respondent.

Staley, J.  Petitioner applies for an order of certiorari to review a determination of the Acting Commissioner of Education, made on June 23, 1925, in the matter of the appeal from the action of the annual district meeting held in district No. 9 of the town of Varick, Seneca county, in relation to the designation of an academic school.

In subdivision 6 of section 493 of the Education Law (as amd. by Laws of 1921, chap. 383) a school district which does not maintain an academic school may designate the academic school or schools where instruction of its pupil residents shall be given at the district's expense.  Such designation shall be made by each school district at the annual meeting of such district.  Such designation may be reviewed upon appeal to the Commissioner of Education in the event the parent or guardian of such pupils deem themselves aggrieved thereby.

At the annual meeting of the said school district, held May 5, 1925, a resolution designating the Seneca Falls High School was duly passed by a majority of the voters, the vote being twenty-three for the designation of the Seneca Falls High School, and nineteen for the designation of the Romulus High School.  From this designation the parents of children of academic grades, resident in the district, took an appeal to the Commissioner.  This appeal was decided by the Acting Commissioner June 23, 1925, by which decision the action of the district meeting was modified so as to permit those academic pupils residing in said district, who are taking academic work of the years for which the Romulus High School had been approved to attend such school for such work. The action of the school meeting in its designation of the Seneca Falls High School was not disturbed, so far as it concerned the pupils taking academic work, for which the Romulus High School had not been approved.

Section 1288 of the Civil Practice Act provides as follows: " Subject to the provisions of the next section, a certiorari order to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and

binding, upon the petitioner or the person whom he represents, either in law or in fact."

The petitioner contends that the four months' limitation of this section does not run from the date of the decision, but begins to run from the time when the school year of 1925–1926 began, because that was the time when in the very nature of things it took effect and became final and binding, and because the decision of the Commissioner directed the trustee of the district to recognize and pay the claims to each of such academic pupils as may attend the Romulus High School during the school year 1925–1926 in the approved courses.

Section 890 of the Education Law, as renumbered by section 6 of chapter 252 of the Laws of 1918, provides that any person conceiving himself aggrieved by any school district meeting, may appeal to the Commissioner of Education, who is authorized and required to examine and decide the same, and that his decision in such appeals shall be final and conclusive.

The first question involved in this proceeding, and I believe the controlling question, is whether the certiorari order has been applied for and can be granted and served within the limitation of time fixed by the statute, and this depends upon a decision as to when the determination sought to be reviewed became final and binding.

In *Matter of N. Y. Central R. R. Co.* v. *Pub. Serv. Comm.* (238 N. Y. 132, 137) the meaning of section 1288 of the Civil Practice Act is stated as follows: "A certiorari order to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding for the purpose of being reviewed, or final and binding so that it can be reviewed."

There is no provision in the Education Law for a rehearing upon a decision of the Commissioner upon such an appeal. By his decision he modified the action of the school meeting in the particular set forth. This modification took effect when his decision was rendered. There was no postponement of the modification. It became effective at once, and it became reviewable at once, and the time within which it may be reviewed has lapsed, and the petitioner is barred by his own laches to now assert a right to review.

It is unnecessary, therefore, to discuss or decide the other question presented for consideration.

Order may be entered denying the application and dismissing the proceeding, without costs.