[Civ. No. 9014.   Second Appellate District, Division Two.—January 4, 1935.]

GEORGE H. IRWIN, Petitioner and Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents and Appellants.

Lewis E. Whitehead and Caryl Warner for Petitioner and Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Respondents and Appellants.

SCOTT, J., *pro tem.*—Petitioner was employed by defendant city as a police officer being certified as permanent employee under classified civil service in 1924. On October 27, 1930, the chief of police of said city issued a written order directed to petitioner removing him from his position for conduct unbecoming an officer in issuing several bad checks and failure to pay his debts. At 11 A. M. October 29, 1930, a copy of said order was left with petitioner's wife at his residence. On October 30 or 31, 1930, petitioner talked with the assistant chief of police in police headquarters and was told by the latter that he was fired.

On May 24, 1932, petitioner filed his petition for writ of mandate herein asking $200 per month from date of discharge. An alternative writ was granted and upon hearing July 20, 1932, the trial court found that the service of notice of removal was insufficient, that petitioner was entitled to six months' back pay totaling $1200 and to be restored to his position. A peremptory writ was thereupon issued. Petitioner has appealed, claiming he was entitled to $2,800 instead of $1200 back pay. Defendants have appealed, protesting the payment of any back salary and claiming that petitioner is not entitled to be restored to his position because the service of the order on petitioner was sufficient and he was guilty of laches in not sooner pressing his claim for reinstatement.

Section 202 of the charter of defendant city at the time of removal of petitioner provided that service of notice of such suspension must be upon the person of the employee or "by leaving a copy thereof at his last-known place of residence if he cannot be found". The court found that Police Sergeant Gilpin went out to the house which was the last known residence of petitioner and there talked with the latter's wife; that she said petitioner had gone to his father's place at Lancaster, California. The sergeant testified that she said that she could not give the address but she would see petitioner in two or three days and give him the papers. The order was thereupon left with the wife, affidavit of service as above indicated was made by Gilpin and the order and return was filed with defendant commission.

The court further found that petitioner was in police headquarters and talked with the assistant chief on October 30 or 31, 1930, and that "it is not true that he (petitioner) could not be found for the purpose of serving said statement upon him and on the contrary he could have been found for that purpose in the City of Los Angeles within a day or two as well as on other occasions *after* said attempt to serve him with said statement was made so as aforesaid". The trial court did not find that petitioner could be found on the day service was made. The service was complete under the charter if petitioner could not be found on October 29, 1930, and service by leaving a copy at his residence was then made. Subsequent appearance at police headquarters of the discharged employee would in no way invalidate the service legally made on a prior date, but we may observe it removed any doubt from the employee's mind as to the fact of his discharge.

The issue raised by defendants as to laches of petitioner in not earlier asserting his alleged right to reinstatement was not covered by the court's findings. During the period in excess of a year and a half between date of discharge and filing of the petition herein, certain requests for reinstatement and a written demand for salary were made which had no legal effect and were so patently ineffectual for any purpose as to require us to disregard them. Under the authority of *Donovan* v. *Board of Police Commissioners*, 32 Cal. App. 392, pages 399 and 400 [163 Pac. 69], and

*Kramer* v. *Board of Police Commissioners,* 39 Cal. App. 396 [179 Pac. 216], it appears that petitioner's delay is such as to preclude his successful assertion of his claim. The finding on each of these issues on the basis of the record would have to be adverse to petitioner if the case were remanded for further consideration by the trial court.

We have in mind the language used by the court in *Cleu* v. *Board of Police Commissioners,* 3 Cal. App. 174 [84 Pac. 672], and cited in *Donovan* v. *Board of Police Commissioners, supra:* "A wide discretion must be lodged in the board (of police commissioners) in determining what conduct on the part of members of the department is injurious to the efficiency of the department. . . . It must be presumed that the board in enforcing such a rule will act in good faith for the welfare of the service and not for purposes of oppression."

In this case petitioner was removed for a cause which indicated he was not qualified to hold his position as a police officer. He failed to ask for a hearing on the merits after actually knowing he was discharged until after the lapse of a year and a half he sought to collect salary for all this time when he was doing nothing to earn it and demanded reinstatement, basing his contention on an alleged defect in service of the written order of discharge.

The alternative writ should have been discharged and the peremptory writ denied.

Judgment reversed.

Stephens, P. J., and Crail, J., concurred.