John H. Galloway, Jr., J.
In this proceeding under article 78 of the CPLR, petitioners seek an order in the nature of mandamus removing the respondent from the office of Supervisor of the Town of Beekman, Dutchess County, on the ground that he is not a resident elector of said town in accordance with section 23 of the Town Law.
It appears from the pleadings and supporting papers that respondent was .re-elected to the office of Supervisor for a fifth two-year term in the general election of November, 1965, to commence January 1, 1966. Petitioners allege that he was not a resident elector of the town at the time of his election and that *548 at no time since Ms election has he been such, and that therefore he continues to hold said office of Town Supervisor illegally. They further allege that for a substantial period of time prior to the date of the petition (June 18, 1967) respondent resided in a named motel in the hamlet of Highland, Ulster County, New York, and that to their knowledge he has not lived in the Town of Beekman, where he claims to have resided, since the time of his election.
Respondent admits that “ on numerous occasions during the period between the month of September 1966, and the present time he has rented and hired various single rooms in Schmidt’s Motel in the Town of Lloyd, Ulster County, New York, and further admits that on such occasions he has used and occupied such motel rooms as temporary sleeping quarters.” He urges that since 1951 to date he has been a permanent resident, inhabitant and domiciliary of the Town of Beekman, and that he has continued since that year to be and remain a qualified elector of that town, within the meaning of section 1 of article II of the New York Constitution and of the Election Law. He contends that his temporary use of sleeping quarters in Ulster County for his personal convenience has not effected nor has he intended to effect a change, removal or abandonment of Ms permanent abode, residence and domicile in and from the Town of Beekman, and that he is therefore entitled to continue in the office of Supervisor of said town until expiration of his term.
Counsel for both the petitioners and the respondent are in agreement that this article 78 proceeding is an appropriate and proper remedy. Petitioners contend that mandamus under article 78 is properly available to try title to a public office, even where, as here, there are issues upon which they seek the opportunity of taking evidence, as permitted under CPLR 7804 (subds. [b], [g]). Respondent contends that the facts are not seriously in dispute, that therefore no issue of fact exists, and that only a question of law is presented, which is neither obscure nor ambiguous. Both sides agree that the questions of law involved revolve about the definition of “ elector” as used in section 23 of the Town Law and section 3 (subd. 1) and section 30 (subd. 1, par. d) of the Public Officers Law, and the concepts, implicit therein, of residence, domicile and voter qualifications. Thus, on slightly different premises, both sides agree that the parties may proceed under article 78 of the CPLR, and that relief may be obtained without resort to quo warranto (albeit, both sides acknowledge that, as a general proposition, title to public office may be tried only in quo warranto proceedings, and that where an issue of fact exists, or the question turns upon *549 the construction of statutory provisions which are not clear and unambiguous, the courts relegate the parties to proceedings in quo warranto).
Nevertheless, the threshold question remains for our determination, as to whether the relief here sought may properly be obtained by way of mandamus under article 78 of the CPLR, or whether, in the situation presented, the petitioners (and the respondent) must be relegated to proceedings in quo warranto.
In our opinion the instant proceeding does not lie, and the petition must be dismissed, since petitioners’ remedy if any, lies in quo warranto, (under Executive Law, §§ 63-a and/or 63-b). The pleadings and supporting papers clearly present issues of fact as to respondent’s status as an “ elector ” of the Town of Beekman, at the time of his election and throughout his term of office to date (Town Law, § 23). Subdivision 1 of section 3 of the Public Officers Law provides that no person shall be capable of holding a civil (local) office who shall not, at the time he is chosen thereto, be a resident of the political subdivision for which he shall be chosen, or within which the electors electing him reside. Under section 30 (subd. 1, par. d) of the Public Officers Law, every office shall be vacant upon the incumbent’s ceasing to be an inhabitant of the political subdivision of which he is required to be a resident when chosen.
Respondent concedes that under the foregoing statutes, as a Supervisor of the Town of Beekman he had to be a resident elector of that town when elected to that office in November, 1965, and that he had to remain a resident and inhabitant thereof throughout his term, in order to take and hold that office.
There is no question but that the status of a resident elector of a town is synonymous with that of a qualified voter thereof, including the requirement of residence (Election Law, § 150), and that, under that section and article 7 of the Election Law, “ domicile ” and “ residence ” are also synonymous (see Matter of Altimari v. Meisser, 45 Misc 2d 1008, affd. 23 A D 2d 865; Matter of Caligiuri v. Maisel, 197 Misc. 1000, affd. 277 App. Div. 946, affd. 301 N. Y. 667; Matter of Aiello v. Power, 9 Misc 2d 523, affd. 4 A D 2d 833, affd. 3 N Y 2d 892). In AUimari (supra, p. 1010) the court said: “ Under the Election Law domicile and residence are synonymous. A person’s domicile is a matter of intention, and the intention is not where he wishes to vote, but where he intends to make his permanent abode. Such intent must be determined by the conduct of the person and all attendant surrounding circumstances. Intention is a question of fact. ’ ’ Accordingly, the question of domicile is one of fact (Matter of Caligiuri, supra, p. 1006; Matter of Scarfone v. Ruggieri, 197 *550 Misc. 1007, 1010, affd. 277 App. Div. 931, affd. 301 N. Y. 662).
Thus there are here presented disputed issues of fact as to the “ elector ” status of the respondent, the respondent’s contentions to the contrary notwithstanding. The objective of the petitioners is to remove respondent from an office to which they p.la.im he was ineligible for election and to hold which he is now ineligible for lack of residence in the town. The respondent, as the incumbent Supervisor, is exercising the functions of that office under claim and color of right so as to constitute him a de facto officer. In such a situation, mandamus is not the proper-remedy, but, rather, ‘ ‘ The appropriate remedy is by an action in the nature of quo warranto ”. (Matter of Ahern v. Board of Supervisors, 7 A D 2d 538, 544, affd. 6 N Y 2d 376; see, also, People ex rel. Wren v. Goetting, 133 N. Y. 569; Sheehy v. Town of Hamburg, 134 Misc. 762). Absent a determination of the issues of fact as to respondent’s residence within the Town of Beekman, petitioners have no clear legal right to the relief sought, and therefore mandamus does not lie.
We have reviewed the authorities relied on by the respondent (and apparently concurred in by the petitioners) in favor of maintenance of the instant mandamus type of proceeding. We believe weight of authority supports our view that such a proceeding is improper in the circumstances here presented, and that, for the reasons above stated, the petitioners’ proper and appropriate remedy is in quo warranto. Matter of Brescia v. Mugridge (52 Misc 2d 859) in which the court determined that mandamus under article 78 was maintainable in a somewhat similar challenge of title to office, rather than a proceeding in quo warranto, is not to the contrary of our determination. The learned court there found that the facts were not disputed and only questions of law were presented. The petition is accordingly dismissed, without costs.