Joseph F. Hawkins, J.
Petitioner, employed by the respondent Beacon Urban Renewal Agency since January 6, 1969, as a “ Relocation Assistant” seeks to be reinstated to her former position with back pay. The prayer for relief also seeks to have the respondents, Clarence C. McGill, Assistant to the Executive Director, and John Williams, Relocation Administrator, “ removed from their positions.”
We see no useful purpose served in endeavoring to assess responsibility for the intra-mural friction which apparently existed between petitioner and the agency. Suffice it to state, whether prompted by valid or fancied grievances, petitioner on August 19, 1970, submitted her written resignation to the respondent, John Williams, stating: “ Please accept my Resignation as Relocation Asst, for the Beacon Urban Renewal agency. My Reason for leaving will be stated public at a press Conference.”
From the petitioner’s submission, it is clear that for reasons she then deemed sufficient she tendered her resignation. The very reservation therein contained relating to a contemplated press conference is indicative of petitioner having arrived at a studied decision.
It is noted that petitioner presents a petition signed by many residents of the City of Beacon supporting the petitioner and asserting she was “unjustly treated” by respondents; also noted are the supporting affidavits of several former colleagues. The latter, apart from disclosing in several instances the friction previously noted, mainly attest to petitioner’s competence, her dedication and the prodigious services she rendered. Petitioner having performed satisfactorily, if not excellently, however, is not the issue; it is whether she voluntarily tendered her resignation. Significantly her petition alleges no ultimate facts in support of the alleged duress.
*404 Petitioner cites People ex rel. Goodwin v. Voorhis (66 Hun 88) but there, apart from the alleged duress, was a question of the alteration of the instrument of resignation. More significantly, the Appellate Division remanded the matter so that a hearing could be held on the petitioner’s reapplication. There is also cited Matter of Hassett v. Barnes (11A D 2d 1089). It was there held that the allegations as to duress were sufficiently pleaded as to require the respondents to serve an answer. This does not obtain at bar since the petition on its face, assuming all the allegations to be true as must be done upon a motion of this nature, no cause of action is stated respecting the efficacy of the resignation.
We now consider the prayer in the petition which seeks the removal of the two said respondents from their respective positions as violative of section 3 of the Public Officers Law on the allegation that they are both nonresidents of the City of Beacon. The relief sought in this regard is in the nature of quo warranto and not an article 78 proceeding. Whether to initiate such an action is solely within the province of the Attorney-General. Section 63-b of the Executive Law so provides that it is to be ^instituted either upon the initiative of the Attorney-General or “ upon the complaint of a private person.” As noted in Carmody-Wait 2d, New York Practice (vol. 21, § 126:23):
“ A direct action by the attorney general is the only proper method of trying the title to an office, where such remedy is available under the conditions stated above. * * *
“ All other remedies whose effect, directly or indirectly, would be to try the title to a public office, are barred. ’ ’
As further noted in Carmody-Wait 2d (vol. 24, § 147:25) in discussing declaratory judgments and right to office, it is stated: 1 ‘ it has also been held that the statute providing for declaratory judgments does not change the law giving the attorney general authority to bring an action to determine title to public office, or provide another method for that purpose, at least when quo warranto is available. [Brush v. Mt. Vernon 20 N. Y. S. 2d 455, affd. 260 A D 1048.] ” (See, also, Matter of Holzberger v. Schoentag, 54 Misc 2d 547.)
Consequently, there is presently no jurisdiction to entertain the petition insofar as it seeks the ouster of the two aforesaid respondents. Such determination, of course, does not. preclude the petitioner from seeking to have the Attorney-General so to proceed.
In view of the foregoing, we do not deem it necessary and express no opinion as to whether the two named respondents are *405 qualified or not qualified under section 3 of the Public Officers Law.
Under the rather unusual circumstances at bar, the petitioner might be well advised to consider, and particularly so under the holding in Goodwin (supra) the respondents’ suggestion that she reapply to the agency for reinstatement.
Accordingly, the petition is dismissed.