OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each case should be affirmed, with costs.
Petitioners, uniformed sanitation workers, each brought a CPLR article 78 proceeding, in effect, challenging the effective dates of their respective discharges from employment. They argued that their firings were ineffective under section 13-173.1 of the Administrative Code of the City of New York, since they had not received notice of their respective firings prior to their intended dates of voluntary resignation, at which time their retirement allowances would have vested. The Appellate Division, First Department, (1) reversed the orders and judgments of the Supreme Court, New York County, granting the petitions, and (2) dismissed the petitions. We granted leave to appeal and now affirm the orders of the Appellate Division.
Section 13-173.1 of the Administrative Code contains no requirement that employees receive notice of their discharge from employment, nor does any other statutory source. The rationale of the Supreme Court in granting the petitions is that notice must be given to the discharged employee in the manner required to commence the running of the time limit for an appeal under Civil Service Law § 76. We agree with the Appellate Division that that argument is unpersuasive. By its terms, Civil Service Law § 76 deals exclusively with appeals (see, Matter of Simpson v Wolansky, 38 NY2d 391, 393) and has no relevance to the effective date of termination from employment under section 13-173.1 of the Administrative Code. Plainly, the date of effectiveness of a determination is distinct from the date on which a determination becomes final for Statute of Limitations or appeal purposes (Matter of New York Cent. R. R. Co. v Public Serv. Commn., 238 NY 132, 135).
The petitioners’ reliance on the general importance of notice ultimately leads to rejection of their theory. The Legislature requires notice in a multitude of other statutory contexts (see, e.g, CPLR 304, 2303, 5222, 5515; CPL 250.10, 410.20; Domestic Relations Law §§ 111-a, 232; General Obligations Law § 5-903; Vehicle and Traffic Law § 313). But it has not prescribed notice in any State-wide enactment relevant to the *807 situation at issue. Nor does section 13-173.1 of the Administrative Code contain any notice prescription. The persistent legislative habit of including a specific notice requirement when one is intended renders the omission in this important area glaring and fatal to the petitioners-appellants’ central argument (see, People v Nuccio, 78 NY2d 102, 105; McKinney’s Cons Laws of NY, Book 1, Statutes § 74).
We decide only that there is no legislative requirement for notice affecting the effective date of discharge for purposes of determining whether a pension has vested under section 13-173.1 of the Administrative Code of the City of New York. We have examined the other issues presented and conclude that they lack merit and do not affect the dispositive analysis or result in this case.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
In each case: Order affirmed, with costs, in a memorandum.